# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
### (Northern Division)

| | | |
|---|---|---|
| HOPE KOCH, *et al.*, | * | |
| Plaintiffs, | * | Case No. MJG-04-CV-3345 |
| —*versus*— | * | |
| JOHN R. HICKS, *et al.*, | * | **JURY TRIAL DEMANDED** |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OF LAW IN SUPPORT OF
## KOCH PLANTIFFS' SECOND MOTION TO REMAND

*Koch* Plaintiffs, by and through undersigned counsel, file this memorandum of law in support of Koch Plaintiffs' Second Motion To Remand; and state as follows:

Removing Defendants have failed to comply with the plain terms of LOCAL RULE 103.5.a., which requires that, at the time of removal, all removing Defendants file with the Clerk of this Court all papers served upon them in the predecessor state-court action.[1] As only a few examples:

·Plaintiffs' Request For Production Of Documents/Tangible To Each Defendant, served upon all Defendants in the predecessor Harford County state-court *Koch* Action, is attached hereto as Exhibit 1A (with accompanying Notice Of Service attached hereto as Exhibit 1B);

·Defendant Hicks' Motion To Dismiss/Motion For Summary Judgment (as improperly filed in this Court), filed by Defendant Hicks and served upon Defendant

---

[1]  *Hope Koch, et al. v. John R. Hicks, et al.*, Case No. 12-C-04-1834 (Circuit Court for Harford County) (the "*Koch* Action").

23436

ExxonMobil Oil Corporation ("ExxonMobil") in the predecessor Harford County state-court action, is attached hereto as Exhibit 2; and

    · Defendant Hicks' Response To The Motion For Class Certification (as improperly filed in this Court), filed by Defendant Hicks and served upon Defendant ExxonMobil in the predecessor Harford County state-court action, is attached hereto as Exhibit 3.[2]

LOCAL RULE 103.5.a. states in relevant part, "[a]ny party effecting removal shall file with the notice true and legible copies of all process, pleadings, papers, and orders which have been served upon that party . . . ." Because Defendant Hicks' consent was required to "effect[] removal,"[3] both *Koch* Action Defendants are removing parties. As such, any Harford County court filing served upon any Defendant was required to have been filed with the Notice Of Removal filed by ExxonMobil and Hicks. Defendants have failed that obligation. *See Notice Of Removal*, Exhibit 4.

Avoidance of inefficiency and confusion are the basis of LOCAL RULE 103.5.a. Such inefficiency and confusion has resulted, and will no doubt further result, from Defendants' failure to comply with LOCAL RULE 103.5.a. in this case. *See, e.g.*, Exhibits 2 and 3 (belated and improper "make-up" filings by Defendant Hicks). As previously detailed, there is no basis for federal jurisdiction of the *Koch* Action, but in seeking narrowly construed federal removal jurisdiction, all defendants are obligated to comply with the simplest of rules related thereto. *See Mattingly v. Hughes Electronics Corp.*, 107

---

[2] In the predecessor Harford County state-court *Koch* Action, Defendant ExxonMobil was represented by Michael E. Leaf, Esq., referred to Exhibits 2 and 3. *See also* accompanying *Supporting Affidavit Of Marshall N. Perkins*, ¶ 2 (verifying exhibits hereto). The exhibits hereto are adopted by reference herein.

[3] *See Chaghervand v. Carefirst*, 909 F.Supp. 304, 308-09 (D. Md. 1995).

F.Supp.2d 694, 696 (D. Md. 2000) (reiterating that every doubt concerning whether removal was proper should be resolved in favor of remand).

For each of these reasons, Koch Plaintiffs' Second Motion To Remand should be granted by the Court.

Respectfully Submitted,

**LAW OFFICES OF CHARLES J. PIVEN, P.A.**

_____
Charles J. Piven (Federal Bar No. 00967)
Marshall N. Perkins (Federal Bar No. 25514)
The World Trade Center-Baltimore
Suite 2525
401 East Pratt Street
Baltimore, Maryland 21202
(410) 332-0030

Lon Engel (Federal Bar No. 02470)
**ENGEL & ENGEL, P.A.**
Suite 200
11 East Lexington Street
Baltimore, Maryland 21202
(410) 727-5095

_Counsel for Koch Plaintiffs & the proposed Class_

23436                              3

## SUPPORTING AFFIDAVIT OF MARSHALL N. PERKINS

I, Marshall N. Perkins, make oath in due form of law as follows:

1.     I am over 18 years of age and am competent to testify to the matters and facts hereinafter set forth.

2.     The exhibits attached to the accompanying memorandum are true and genuine copies of that which they purport to be; the underlying Harford Circuit Court papers were served in the *Koch* Action, as indicated.

I DECLARE AND AFFIRM UNDER THE PENALTY OF PERJURY THAT THE MATTERS AND FACTS HEREINABOVE SET FORTH ARE TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE, INFORMATION, AND BELIEF.

Date: October 25, 2004          *Marshall M. Perkins*
                               Marshall N. Perkins

| | | |
|---|---|---|
| HOPE KOCH, *et al.*, | * | IN THE |
| *On behalf of themselves &* | * | CIRCUIT COURT |
| *Others similarly situated,* | * | FOR |
| | * | |
| Plaintiffs, | * | HARFORD COUNTY |
| *v.* | * | |
| JOHN R. HICKS, *et al.*, | * | Case No. 12-C-04-1834 |
| | * | |
| Defendants. | | **JURY TRIAL DEMANDED** |
| | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## PLAINTIFFS' REQUEST FOR PRODUCTION OF DOCUMENTS/TANGIBLE THINGS TO EACH DEFENDANT

TO:      Each Defendant in the above-captioned matter.

FROM:     Frank Koch, Plaintiff.

IN ACCORDANCE with the Maryland Rules, each Defendant in the above-captioned action (or "Defendant") is hereby requested to produce the documents/tangible things listed on Schedule A (attached hereto and adopted by reference herein) for inspection, examination, and reproduction by Plaintiffs, through counsel, Law Offices Of Charles J. Piven, P.A., at 10:00 a.m. on the 33rd day after service of this Plaintiffs' Request For Production Of Documents/Tangible Things To Each Defendant (hereinafter "Request"), or within such time as otherwise allowed by the Rules. The documents listed in Schedule A are requested to be produced at the Law Offices Of Charles J. Piven, P.A., The World Trade Center-Baltimore, Suite 2525, 401 East Pratt Street, Baltimore, Maryland, 21202, or at such other time and place as counsel for the parties may agree.

**EXHIBIT**

**1A**

23092

CONSISTENT THEREWITH, per the Maryland Rules, each Defendant to whom this Request is directed shall serve a written response to this Request stating that inspection will be permitted as requested with respect to each item or category listed on Schedule A; unless Defendant objects to the specific item or category, in which case the reasons for objection shall be stated.

PLEASE TAKE NOTICE that, pursuant to the Maryland Rules, the production of documents shall be organized and labeled to correspond to the categories of this Request. You are required to produce documents in your possession, custody, or control, including the possession, custody, or control of your agents, servants, employees, representatives, and attorneys. If any documents are not available for production because they have been misplaced, discarded, or destroyed, identify which documents cannot be produced for these reasons, and state fully and in writing the reasons why the documents are unavailable. If documents called for are not available to you because they are in the custody or control of a third person, identify such documents and the third person in whose possession or control such documents are to be found. Produce original documents whenever such documents are available to you; and, in all cases where originals are not available, produce any identical copies of such originals.

### Definitions and Instructions

A.     The categories of documents and tangible items listed on this Schedule A shall be interpreted in accordance with the following definitions and instructions.

B.     The words "person" or "persons" or "entity" or "entities" mean individuals, groups of individuals, organizations, unincorporated associations or societies, businesses, partnerships, corporations, estates, trusts, governmental bodies, and any other legal or commercial organization; as well as all divisions, departments, parts, or agents of any of the foregoing.

C.    The words "communication" or "communications" mean any expression of thoughts or ideas (whether oral, written, or by other conduct) at any time or place and under any circumstances whereby information, questions, exclamations, or demands of any kind or nature were transmitted, transferred, conveyed, delivered, provided, disseminated, reported, requested, or stated.

D.    The words "document" or "documents" are used in the broadest sense permissible under the Maryland Rules, and include originals, drafts, and any copies of all writings, drawings, graphs, charts, photographs, recordings, and other data compilations from which information can be obtained (or translated if necessary) by you— if necessary, through detection devices into discernible form.

E.    The words "identify," "identity," or "identification" shall mean, with regard to an individual person: the individual's name; home address; home telephone number; business address; business telephone number; occupation; position and/or affiliation. With respect to any person or entity other than an individual person, the words "identify" or "identity" or "identification" shall mean: the entity's formal name; the name under which the entity trades or does business (and if it has changed in the last 10 years, all other names under which it traded or did business); the type of entity it is (*e.g.,* corporation, partnership, etc.); the entity's state of incorporation or registration; and the address and telephone number of the entity's principal place of business. With respect to an event or an occurrence, the words "identify" or "identity" or "identification" shall mean: the substance; date; duration; and/or the location of such event or occurrence. With respect to a place or location, the words "identify" or "identity" or "identification" shall mean the address, including the street name and number; city or town; state; and zip code.

F.    Facts, knowledge, information, documents, or communications "which reflect" or "reflecting"; or "relating" to, or that "relate(s)" to, any given subject means any facts, knowledge, information, documents, or communications that constitute, contain, embody, evidence, involve, identify, state, refer to, deal with, or are in any way pertinent to, that subject.

G.    The words "include" or "including" mean including by way of illustration or example, not by way of limitation.

H.    If you object or assert privilege to all or part of the information included in any of the categories of documents or tangible items set forth on this Schedule A:  identify the nature of the objection or privilege and state the factual basis therefor; provide a description of the type of document as to which privilege is asserted (*e.g.*, letter or memorandum); provide the general subject matter of the document as to which you are objecting or asserting privilege; provide the date of preparation of the document as to which you are objecting or asserting privilege; and provide such other information as is sufficient to identify the document as to which you are objecting or asserting privilege with reasonable particularity for purposes of a subpoena duces tecum, including, where appropriate, the author, addressee, and any other recipient of the document.

I.    In the event you discover additional documents after your initial response that are responsive to this Request, but which have not been produced, you are under a continuing obligation to provide such documents promptly upon discovery.

J.    This Request is continuing in nature so as to require you to amend or supplement your answers promptly if you obtain further information.  *See* Md. Rule 2-401(e).

K.    Wherever used herein, the singular shall be deemed to include the plural, and the plural shall be deemed to include the singular; the masculine shall be deemed to include the feminine, and the feminine shall be deemed to include the masculine; the disjunctive ("or") shall be

23092                                   4

deemed to include the conjunctive ("and"), and the conjunctive shall be deemed to include the disjunctive; and each of the functional words "each," "every," "any," and "all" shall be deemed to include each of the other functional words.  Wherever used herein, the present tense shall be deemed to include the past and future tenses; the past tense shall be deemed to include the present and future tenses; and the future tense shall be deemed to include the past and present tenses.  Herein, "trial" is defined broadly to include any court proceeding.

     L.     As used herein, the term "Complaint" shall refer to the original Class Action Complaint filed in this action and to every subsequent amended complaint filed in this action.

     M.     All terms and names used herein shall mean the same as the corresponding words set forth and/or defined in the Complaint.

     N.     The words "you" or "your" or "yourself" mean the party to whom this Request is addressed.  The words "you," "your," and "yourself" include each of your representatives, servants, employees, and/or agents (whether actual, apparent, or otherwise), as well as each of your parents, subsidiaries, or other affiliates (including any predecessor entity).  Your response to this Request shall include all nonprivileged, responsive documents or other tangible things available to you directly or through any agent, representative, or attorney; this includes any document or other tangible thing in the possession of any agent or employee or any other person or entity that is subject to your direction or control.

     O.     As used herein, incidents "complained of in the Complaint," "events described in the Complaint," or "occurrences complained of in the Complaint" shall be deemed to be the events occurring as described in the Complaint and the papers on file in the above-captioned adversary proceeding.

P.     The term "Defendants" refers to both named Defendants in the above-captioned proceeding and includes each of your representatives, servants, employees, and/or agents (whether actual, apparent, or otherwise), as well as each of your parents, subsidiaries, or other affiliates (including any predecessor entity).

Q.     The term "MTBE" refers to methyl tertiary butyl ether.

R.     The term "Upper Crossroads Exxon" refers to Crossroads Exxon (a/k/a Upper Crossroads Exxon) at 2800 Fallston Road, Fallston, Maryland (and/or as otherwise identified in the Complaint).

S.     The term "Harford County MTBE Contamination" refers to the actual or perceived presence of MTBE in the soil, ground, groundwater, drinking water, and/or ground wells of property (or within property or below property or emanating from property) in the vicinity of (and/or otherwise near) the Upper Crossroads Exxon.

## SCHEDULE A

## Documents/Tangible Things To Be Produced

1.     Each and every document relating to Harford County MTBE Contamination.

2.     Each and every document that is a communication (or reflects a communication) with any governmental agency or other instrumentality (including U. S. Environmental Protection Agency; Maryland Department of Environment; and Harford County Health Department) involving the Harford County MTBE Contamination.

3.     Each and every document that is a communication (or reflects a communication) involving the Harford County MTBE Contamination.

4.     Each and every document reflecting, describing, or otherwise involving testing for MTBE in any way related to the Harford County MTBE Contamination.

5.     Each and every document addressing or otherwise relating to the need, desirability, and/or appropriateness, *vel non*, of testing involving the Harford County MTBE Contamination.

6.     Each and every document reflecting actual or perceived health, economic, or other effects (or concerns), including as to affected persons, involving the Harford County MTBE Contamination.

7.     Each and every document reflecting the business or other relationship between (or among) the Defendants.

8.     Each and every document reflecting the business or other relationship between any Defendant and any other party that has or may have potential liability in the above-captioned litigation.

9.     Each and every document that reports and otherwise reflects the effect(s) of MTBE on the environment, on human beings (including human health, including economic effect), and/or on any other living being.

10.    Each and every document that is a communication (or reflects a communication) with any governmental agency or other instrumentality (including U. S. Environmental Protection Agency; Maryland Department of Environment; and Harford County Health Department) involving MTBE.

11.    Each and every document that relates to the allegations in paragraphs 18, 19, 20, and/or 21 of the Complaint.

12.    All reports and other documents relating to facts known and opinions held by each person whom any of the Defendants expect to call as expert witnesses at trial of the above-captioned case (including, but not limited to, the reports, themselves, drafts of the reports, draft reports, and/or

23092

any documents provided to said experts), and the current resume or *curriculum vitae* of each such person.

13.    All insurance agreements, and/or documents relating to and/or reflecting any insurance agreements that, by their language, would or might cover all or part of any award or judgment entered against any of the Defendants in this case, or which would or might provide for indemnification or reimbursement to any of the Defendants of any monies paid by any of the Defendants as a result of any award or judgment against any of the Defendants or settlement in the above-captioned action, and any documents relating thereto.

14.    Any and all documents constituting reports or other records pertaining to incidents complained of in the Complaint.

15.    Any and all documents, audiotapes, videotapes, cd-roms, and/or other audio/visual material in any way evidencing investigations by or on behalf of any Defendant of incidents complained of in the Complaint.

16.    All audiotapes, videotapes, cd-roms, and/or other audio/visual material in any way related to the incidents complained of in the Complaint.

Respectfully submitted,

**LAW OFFICES OF CHARLES J. PIVEN, P.A.**


_____

Charles J. Piven
Marshall N. Perkins
The World Trade Center—Baltimore
Suite 2525
401 East Pratt Street
Baltimore, Maryland 21202
(410) 332-0030


Lon Engel, Esquire
**ENGEL & ENGEL, P.A.**
Suite 200
11 East Lexington Street
Baltimore, Maryland  21202
(410) 727-5095

*Counsel for Plaintiffs and the proposed Class*

| | | |
|---|---|---|
| HOPE KOCH, *et al.* | * | IN THE |
| Plaintiffs, | * | CIRCUIT COURT |
| v. | * | FOR |
| JOHN R. HICKS, *et al* | * | HARFORD COUNTY |
| Defendants. | * | Case No. 12-C-04-001834 |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## <u>NOTICE OF SERVICE</u>

I HEREBY CERTIFY that on this 2nd day of July, 2004, a copy of this Notice Of Service

and a copy of Plaintiffs' Request For Production/Tangible Things To Each Defendant were served

*via* postage prepaid, first-class United States mail, upon:

> ExxonMobil Oil Corporation
> c/o CSC-Lawyers Incorporation Serv. Co.
> 11 East Chase Street
> Baltimore, Maryland 21202
>
> John R. Hicks (d/b/a Crossroads Exxon)
> 1040 Alexandria Way
> Bel Air, Maryland 21014
>
> John R. Hicks (d/b/a Crossroads Exxon)
> 2800 Fallston Road
> Fallston, Maryland 21014
>
> *Defendants*

Respectfully Submitted,

**LAW OFFICES OF CHARLES J. PIVEN, P.A.**

*Marshall M. Perkins*

Charles J. Piven
Marshall N. Perkins
The World Trade Center-Baltimore
Suite 2525
401 East Pratt Street
Baltimore, Maryland 21202
(410) 332-0030

23117 v.1

EXHIBIT
1B

Lon Engel
**ENGEL & ENGEL, P.A.**
Suite 200
11 East Lexington Street
Baltimore, Maryland 21202
(410) 727-5095

*Counsel for Plaintiff & the proposed Class*

Page 1 of 2

Case 1:05-cv-05345-GAS    Document 30 37    Filed 06/29/05    Page 16 of 38
Case 1:04-cv-03345-MJG    Document 30-37    Filed 10/25/2004    Page 16 of 38

## Marshall N. Perkins

**From:**    MDD_CM-ECF_Filing@mdd.uscourts.gov
**Sent:**    Friday, October 22, 2004 3:16 PM
**To:**    MDDdb_ECF@mdd.uscourts.gov
**Subject:**    Activity in Case 1:04-cv-03345-MJG Koch et al v. Hicks et al "Miscellaneous Correspondence"

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* You may view the filed documents once without charge. To avoid later charges, download a copy of each document during this first viewing.**

### U.S. District Court

### District of Maryland

Notice of Electronic Filing

The following transaction was received from Ishak, Paul entered on 10/22/2004 at 3:15 PM EDT and filed on 10/22/2004
**Case Name:**    Koch et al v. Hicks et al
**Case Number:**    1:04-cv-3345
**Filer:**
**Document Number:** 25

**Docket Text:**
Correspondence re: Line to Record - Hicks' Motion to Dismiss/Motion for Summary Judgment (Ishak, Paul)

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1046883720 [Date=10/22/2004] [FileNumber=596924-0
] [6abb49a5136cd1d05cbbeadffd353ed2661a67696e2c05271707801fb6cb51a5883
be79d5bdfbbfabee31261ff1ee4b2a0a07ff70ac042661aeb3f6a41b12747]]

**1:04-cv-3345 Notice will be electronically mailed to:**

Lon C Engel    lengel@engellaw.com

Susan Mae Euteneuer    seuteneuer@hupk.com

Andrew Gendron    agendron@venable.com, rpappas@venable.com

Paul W Ishak    pishak@starkandkeenan.com, ahanna@starkandkeenan.com

Marshall N Perkins    perkins@pivenlaw.com, hill@pivenlaw.com



**EXHIBIT**

**2**

· Charles J Piven    piven@pivenlaw.com, pseidman@milberg.com;sschulman@milberg.com

**1:04-cv-3345 Notice will not be electronically mailed to:**

Michael E Leaf
Hodes Ulman Pessin and Katz PA
112 S Main St Ste 102
Bel Air, MD 21014

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

HOPE KOCH, ET. AL.                *

     Plaintiffs                *

v.                                 *

JOHN R. HICKS, ET. AL.           *

     Defendants               *     Civil No.: 1:04-cv-03345-MJG

   *    *    *    *    *    *    *    *    *    *    *

<u>LINE</u>

Dear Clerk:

Please add the following document to the record in this matter:

1.    Rick Hicks' Motion to Dismiss/Motion for Summary
       Judgment in Case No.: 12-C-04-1834, Circuit Court
       for Harford County.


<u>October 22, 2004</u>
     Date

_____

Paul W. Ishak, Esquire    Bar No. 06018
Stark and Keenan, P.A.
30 Office Street
Bel Air, Maryland 21014
(410) 879-2222/838-5522 (telephone)
(410) 879-0688 (facsimile)

Attorneys for John R. Hicks

## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of October, 2004, service of the foregoing was sent via first-class mail, postage prepaid to:

Charles J. Piven, Esquire
Marshall N. Perkins, Esquire
Law Offices of Charles J. Piven, P.A.
The World Trade Center
401 East Pratt Street
Suite 2525
Baltimore, Maryland 21202

Attorneys for Koch

Peter G. Angelos, Esquire
Mary V. Koch, Esquire
Thomas C. Summers, Esquire
Patricia Kasputys, Esquire
Scott D. Shellenberger, Esquire
Law Offices of Peter G. Angelos
Suite 2200
100 North Charles Street
Baltimore, Maryland 21201

Attorneys for Wagner, et. al.

Lon Engel, Esquire
Engel & Engel, P.A.
11 East Lexington Street
Suite 200
Baltimore, Maryland 21202

Co-Counsel for Koch

Andrew Gendron, Esquire
Venable, LLP
Two Hopkins Place
Suite 1800
Baltimore, Maryland 21201

Attorneys for Exxon Mobil
Corporation

Paul W. Ishak, Esquire

| | |
|---|---|
| HOPE KOCH, et. al. | * IN THE |
| Plaintiffs | * CIRCUIT COURT |
| | * FOR |
| v. | * HARFORD COUNTY |
| JOHN R. HICKS, et. al. | * Case No.: 12-C-04-1834 |
| Defendants | * |
| | * |

## MOTION TO DISMISS/MOTION FOR SUMMARY JUDGMENT

The Defendant, John R. Hicks, t/a Cross Roads Exxon by Paul W. Ishak, Esquire and

Stark and Keenan, P.A. files this Motion to Dismiss/Motion for Summary Judgment and says:

I

1. The Plaintiffs' Complaint on its face alleges that in and before 1991, including 1990 and 1989, that properties in and around the intersection of Baldwin Mill Road and Mountain Road were contaminated with MTBE.

2. The Plaintiffs make the bald allegation that the Defendants intentionally concealed October 1991 test results conducted by Harford County which found MTBE in the ground water.

3. Not explained or alleged is how the Defendants intentionally concealed test results in the possession of the Harford County Health Department.

4. The Plaintiffs make the bald allegation that the Plaintiffs and none of the unknown and unnamed members of the purported class had knowledge of the primary matters complained of until June of 2004."

How the Plaintiffs can know what is going on in the minds of unknown and

FILED
04 SEP 10  PM 3: 56
HARFORD COUNTY CT
COUNTY, MD

unnamed persons related to the primary matters complained of, and that these unknown persons did not gain the same knowledge until June of 2004 is a wonder to this Defendant.

6. Only reasonable inferences of fact are attributable to a respondent to a Motion to Dismiss/Motion for Summary Judgment and the inferences to be sought by the Plaintiffs are not reasonable. Leonard v. Fantasy Imports, Inc., 66 Md. App. 404, 406 (1986). In addition, when pleading fraud, especially when those facts are the basis to avoid the statute of limitations, the Plaintiffs must specify and allege facts supporting their claim of fraud. Jenifer v. Kincaid, 191 Md 120, 131 (1948); Pleading Causes of Action Sandler (Third Edition) at 238 (2004).

7. The Plaintiffs hide from the Court when they purchased their home on Franklin's Chance Court, however, the public record undeniably reveals that they purchased their home on May 20, 1991. Thus the Harford County Health Department reports were available to the public and the Plaintiffs in 1991. A copy of the public record is attached hereto as exhibit A.

8. As part of the building requirements for a home serviced by a well, Harford County required a water test of the contents of the water from the well servicing the Koch home.

9. Since the Plaintiffs Complaint alleges that MTBE was present in the ground water near or about Franklin's Chance Court prior to 1991, the Plaintiffs' Complaint fails to allege how the conduct of the Defendants prevented: the Plaintiffs; or their real estate agent; or their home inspector; or their appraiser; or the developer of Franklin's Chance Court; or their water testing company from detecting the

presence of MTBE in their well.

10. In the alternative, prior to their purchase on May 20, 1991 the Plaintiffs did have the opportunity to have their well tested for MTBE and they chose to not have their well water tested. Thus the Plaintiffs failed to exercise ordinary diligence.

11. In their purchase documents from their Seller, the Plaintiffs were provided the opportunity to inspect their home, and also the potability of their well water.

12. The Plaintiffs had the opportunity to fully investigate the nature of the contents of their well water by May 20, 1991, but they failed to do so. See Wilson v. LeMoyne, 204 F. 726 (1913), where the plaintiff had made no effort to investigate the condition of his property; fraud did not suspend the three year statute of limitations in that case.

13. Since the Plaintiffs had the opportunity to have the specific knowledge of the nature of their claim and voluntarily chose to turn a blind eye to their rights, that knowledge is imputable to them as of May 20, 1991. Weyerhaeuser Corp. v. Koppers Co., Inc., 771 F. Supp. 1406 (D. Md 1991); Jacobs v. Flynn, 131 Md. App. 342 cert. denied 359 Md 669 (2000).

14. Since the Plaintiffs failed to bring their action within three years of the accrual of their cause of action, and since their injury began as of May 20, 1991, the Plaintiffs have slept on their rights and have failed to satisfy the requirements of the statute of limitations. See Courts & Judicial Proceedings Article Section 5-101 and 5-203 of the Annotated Code of Maryland.

II

15. No person can manufacture, distribute, transport or sell gasoline without meeting

the stringent requirements of Federal and State Law.

16.    The gasoline sold at Crossroads Exxon by this Defendant was always housed or contained in such a manner that it would be unreasonable to expect this Defendant to detect or discover the existence of a dangerous or defective condition in the product.

17.    This Defendant acquired and sold gasoline product in an unaltered form.

18.    This Defendant had no choice but to sell the gasoline product from the receptacles required by Federal and State Law.

19.    This Defendant had no knowledge of any defect in the gasoline product sold at Crossroads Exxon.

20.    This Defendant, in the performance of the duties he performed while the gasoline product was in his possession could not have discovered the alleged defect in the gasoline product attributed to MTBE while exercising reasonable care.

21.    This Defendant did not manufacture, produce, design or designate the specifications for the gasoline product.

22.    This Defendant did not alter, modify, assemble or mishandle the gasoline product while it was in his possession.

23.    There was no allegation in the Complaint that the manufacturer of MTBE is not subject to service of process, judicially declared insolvent, judgment proof, not indentifiable or immune from suit.

24.    This Defendant did not make any express warranties related to the gasoline product which were the proximate and substantial cause of the Plaintiffs' injury.

25.    As the Seller of a product from a receptacle, the Courts & Judicial Proceedings

Article of the Annotated Code of Maryland Section 5-405 provides the Seller with immunity and a complete defense to an action against the Seller of a product for property damage and personal injury allegedly caused by the defective design or manufacture of a product.

26.    The Plaintiffs' entire claim is based on the allegation that MTBE is a fuel additive designed to increase the oxygen content of gasoline, but which contaminates ground water.

27.    This Defendant has met the requirements of Section 5-405 (b) and (c) of the Courts & Judicial Proceedings Article as noted above, and this Defendant respectfully requests that a summary judgment be granted in his favor and all claims against him be dismissed.

28.    This Defendant reserves the right to file a memorandum of law supporting this Motion and raising any additional defense that may arise following the filing of this Motion.

WHEREFORE, this Defendant demands that the Plaintiffs' claims against him be dismissed based on the Plaintiffs' failure to satisfy the statute of limitations and that the Plaintiffs' Complaint fails to state a cause of action against this Defendant, and that a summary judgment be entered against the Plaintiffs and in favor of this Defendant as the Defendant is entitled to the immunity and defense provided by the Courts & Judicial Proceedings Article Section 5-405, and that this Defendant be granted such further relief as the Court deems appropriate.

_(signature)_

Paul W. Ishak, Esquire
Stark and Keenan, P.A.
30 Office Street
Bel Air, Maryland 21014
410-879-2222
Attorney for Defendant

## VERIFICATION

I, John R. Hicks am over the age of 18 and am competent to testify, and as a party I have personal knowledge of the facts listed herein and solemnly swear and affirm under the penalties of perjury that the facts listed above are true to the best of my knowledge, information and belief.

_(signature)_

John R. Hicks

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 10th day of September, 2004, a copy of the foregoing Motion to Dismiss was mailed first class, postage prepaid to Charles J. Piven, Esquire, The World Trade Center 401 E. Pratt Street, Suite 2525, Baltimore, Maryland 21202, Marshall N. Perkins, Esquire, The World Trade Center, 401 E. Pratt Street, Suite 2525, Baltimore, Maryland 21202 and Lon Engel, Esquire, 11 E. Lexington Street, Suite 200, Baltimore, Maryland 21202.

_(signature)_

Paul W. Ishak, Esquire

## AMENDED CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 10th day of September, 2004, a copy of the foregoing Motion to Dismiss was mailed first class, postage prepaid to Charles J. Piven, Esquire, The World Trade Center 401 E. Pratt Street, Suite 2525, Baltimore, Maryland 21202, Marshall N. Perkins, Esquire, The World Trade Center, 401 E. Pratt Street, Suite 2525, Baltimore, Maryland 21202, Lon Engel, Esquire, 11 E. Lexington Street, Suite 200, Baltimore, Maryland 21202 and Michael E. Leaf, Esquire, 112 S. Main Street, Bel Air, Maryland 21014.

Paul W. Ishak, Esquire

lick here for a plain text ADA compliant screen.

Go Back
View Map
New Search
Ground Ren

Maryland Department of Assessments and Taxation
HARFORD COUNTY
Real Property Data Search

ccount Identifier:        District - 04 Account Number - 000056

## Owner Information

| | | Use: | RESIDENTIAL |
| --- | --- | --- | --- |
| wner Name: | KOCH FRANK J | Principal Residence: | YES |
| | KOCH HOPE | Deed Reference: | 1) / 1711/ 359 |
| ailing Address: | 2310 FRANKLIN'S CHANCE COURT | | 2) |
| | FALLSTON MD 21047 | | |

## Location & Structure Information

remises Address
310 FRANKLIN'S CHANCE CT
ALLSTON 21047

Legal Description
LT 16 1.777 AC
2310 FRANKLINS CHANCE CT
FRANKLIN'S CH P 39/52

| Map | Grid | Parcel | Sub District | Subdivision | Section | Block | Lot | Group | Plat No: | 39052 |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |
| 39 | 4B | 473 | | 438 | | | 16 | 80 | Plat Ref: | |

pecial Tax Areas

Town
Ad Valorem
Tax Class

| Primary Structure Built | Enclosed Area | Property Land Area | County Use |
| --- | --- | --- | --- |
| 1988 | 3,736 SF | 1.77 AC | |

| Stories | Basement | Type | Exterior |
| --- | --- | --- | --- |
| 2 | YES | STANDARD UNIT | SIDING |

## Value Information

| | Base Value | Value As Of 01/01/2004 | Phase-in Assessments As Of 07/01/2004 | As Of 07/01/2005 |
| --- | --- | --- | --- | --- |
| Land: | 113,850 | 143,850 | | |
| Improvements: | 264,060 | 300,090 | | |
| Total: | 377,910 | 443,940 | 399,920 | 421,930 |
| Preferential Land: | 0 | 0 | 0 | 0 |

## Transfer Information

| | | | | |
| --- | --- | --- | --- | --- |
| ller: | LEE RICHARD K | Date: | 05/20/1991 | Price: $285,000 |
| ype: | UNKNOWN | Deed1: | / 1711/ 359 | Deed2: |
| ller: | BADOLATO LOUIS CHARLES | Date: | 08/25/1986 | Price: $55,000 |
| ype: | IMPROVED ARMS-LENGTH | Deed1: | / 1340/ 304 | Deed2: |
| ller: | A M A DEVELOPMENT CORP | Date: | 02/04/1985 | Price: $37,900 |
| ype: | IMPROVED ARMS-LENGTH | Deed1: | / 1259/ 773 | Deed2: |

## Exemption Information

| | Class | 07/01/2004 | 07/01/2005 |
| --- | --- | --- | --- |
| rtial Exempt Assessments | Class | 0 | 0 |
| ounty | 000 | 0 | 0 |
| tate | 000 | 0 | 0 |
| unicipal | 000 | 0 | |

ax Exempt:        NO

xempt Class:

Special Tax Recapture:

* NONE *

HOPE KOCH, et. al.                    *        IN THE

    Plaintiffs                        *        CIRCUIT COURT

                                      *        FOR
v.
                                      *        HARFORD COUNTY

JOHN R. HICKS, et. al.                *        Case No.: 12-C-04-1834

    Defendants                        *

                                      *

       *        *        *        *        *        *        **        *

## ORDER

       The Court having considered the Motion to Dismiss/Motion for Summary Judgment does

on this ____ day of _____, 2004 GRANT the Motion to Dismiss/Motion for Summary

Judgment and enters a judgment against the Plaintiffs and in favor of the Defendants.



                 SO ORDERED: _____



cc:   Marshall N. Perkins, Esquire
      Charles J. Piven, Esquire
      Lon Engel, Esquire
      Paul W. Ishak, Esquire
      Michael E. Leaf, Esquire

Page 1 of 2

Case 1:05-cv-05345-GAS     Document 40-7   Filed 06/29/05     Page 29 of 38
Case 1:04-cv-03345-MJG     Document 30-7   Filed 10/25/2004     Page 29 of 38

## Marshall N. Perkins

**From:** MDD_CM-ECF_Filing@mdd.uscourts.gov
**Sent:** Friday, October 22, 2004 3:20 PM
**To:** MDDdb_ECF@mdd.uscourts.gov
**Subject:** Activity in Case 1:04-cv-03345-MJG Koch et al v. Hicks et al "Miscellaneous Correspondence"

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* You may view the filed documents once without charge. To avoid later charges, download a copy of each document during this first viewing.**

### U.S. District Court

### District of Maryland

Notice of Electronic Filing

The following transaction was received from Ishak, Paul entered on 10/22/2004 at 3:19 PM EDT and filed on 10/22/2004
**Case Name:**      Koch et al v. Hicks et al
**Case Number:**    1:04-cv-3345
**Filer:**
**Document Number:** 26

**Docket Text:**
Correspondence re: Line to Record - Hicks' Response to the Motion for Class Certification (Ishak, Paul)

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1046883720 [Date=10/22/2004] [FileNumber=596929-0
] [b3d858f77b752447eb265417112e7e569e72d6fdd35d4b5f7142d02c72a688f935a
0b7908c3b667cebf61737397937d163f743ba8ac35b5eafc8c583fae9d133]]

**1:04-cv-3345 Notice will be electronically mailed to:**

Lon C Engel    lengel@engellaw.com

Susan Mae Euteneuer    seuteneuer@hupk.com

Andrew Gendron    agendron@venable.com, rpappas@venable.com

Paul W Ishak    pishak@starkandkeenan.com, ahanna@starkandkeenan.com

Marshall N Perkins    perkins@pivenlaw.com, hill@pivenlaw.com

Charles J Piven    piven@pivenlaw.com, pseidman@milberg.com;sschulman@

**EXHIBIT**

**3**

tabbies

10/22/2004

Page 2 of 2

Case 1:05-cv-05345-GAS    Document 40-37    Filed 06/29/05    Page 30 of 38
Case 1:04-cv-05345-MJG    Document 30    Filed 10/25/2004    Page 30 of 38

**1:04-cv-3345 Notice will not be electronically mailed to:**

Michael E Leaf
Hodes Ulman Pessin and Katz PA
112 S Main St Ste 102
Bel Air, MD 21014

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

HOPE KOCH, ET. AL.                    *

     Plaintiffs                      *

v.                                    *

JOHN R. HICKS, ET. AL.                *

     Defendants                      *       Civil No.: 1:04-cv-03345-MJG

    *    *    *    *    *    *    *    *    *    *    *

<u>LINE</u>

Dear Clerk:

Please add the following document to the record in this matter:

1.    Rick Hicks' Response to the Motion for Class Certification in Case No.: 12-C-04-1834, Circuit Court for Harford County.


October 22, 2004
Date

Paul W. Ishak, Esquire    Bar No. 06018
Stark and Keenan, P.A.
30 Office Street
Bel Air, Maryland 21014
(410) 879-2222/838-5522 (telephone)
(410) 879-0688 (facsimile)

Attorneys for John R. Hicks

## CERTIFICATE OF SERVICE

I hereby certify that on this **22ᴬᴰ** day of October, 2004, service of the foregoing was sent via first-class mail, postage prepaid to:

Charles J. Piven, Esquire
Marshall N. Perkins, Esquire
Law Offices of Charles J. Piven, P.A.
The World Trade Center
401 East Pratt Street
Suite 2525
Baltimore, Maryland 21202

Attorneys for Koch

Peter G. Angelos, Esquire
Mary V. Koch, Esquire
Thomas C. Summers, Esquire
Patricia Kasputys, Esquire
Scott D. Shellenberger, Esquire
Law Offices of Peter G. Angelos
Suite 2200
100 North Charles Street
Baltimore, Maryland 21201

Attorneys for Wagner, et. al.

Lon Engel, Esquire
Engel & Engel, P.A.
11 East Lexington Street
Suite 200
Baltimore, Maryland 21202

Co-Counsel for Koch

Andrew Gendron, Esquire
Venable, LLP
Two Hopkins Place
Suite 1800
Baltimore, Maryland 21201

Attorneys for Exxon Mobil
Corporation


_____
Paul W. Ishak, Esquire

HOPE KOCH, et. al.                    *    IN THE

    Plaintiffs                   *    CIRCUIT COURT

                                      *    FOR
v.

JOHN R. HICKS, et. al.                *    HARFORD COUNTY

    Defendants                   *    Case No.: 12-C-04-1834

                                      *

    *    *    *    *    *    *    *

## RESPONSE TO THE MOTION FOR CLASS CERTIFICATION

John R. Hicks t/a Cross Roads Exxon, by Paul W. Ishak, Esquire and Stark and Keenan,

P.A. files this Response to the Motion for Class Certification and says:

I

1. Currently there are two similar lawsuits filed against this Defendant in the Harford

   County Circuit Court which raise the issue of MTBE contamination.

2. The other suit is captioned Stephen J. Wagner, et.al. v. John R. Hicks, et.al. case

   no. 12-C-04-2448. ("Wagner Case")

3. Any consideration of this Motion without including the counsel and Plaintiffs in

   the Wagner case would leave this Defendant subject to two rulings that could be

   entirely inconsistent and unduly cumbersome to this party.

II

4. This Defendant objects to class certification in this matter.

5. The primary purpose of class certification is to overcome the impracticalities of

   overtly cumbersome joinder requirements. Kirtpatrick v. Gilchrest, 56 Md App

   242 (1983).

6.    Joinder requirements concern the legal question of which parties are necessary parties to the action. Kirtpatrick, 56 Md App at 249-50; Bender v. Sec. Dept. of Pers., 290 Md 345 (1981).

7.    The Plaintiffs did not allege in the Complaint that alleged members of the class are necessary parties who would otherwise require joinder.

8.    Instead the Plaintiffs completely bypass the requirement of Rule 2-231 (a)(1) which demands that there be a showing of impracticability of joinder. The Plaintiffs merely allege impracticability of knowing the identity of the various alleged victims or including them in one case.

9.    When one looks at the potential classes advanced by the Plaintiffs, two problems arise.

10.   First in the Monitoring Sub-Class, anyone who consumed ground water within a mile and a half of the intersection of Baldwin Mill Road and Mountain Road presumably is an alleged necessary party. This Defendant asks how can one verify the membership of such a class?

11.   By broadly describing such a class the Plaintiffs are creating the numerosity issue and the impracticability issue, but without the substantive showing that such persons would be required to be joined by the Maryland Rules.

12.   The Plaintiffs allege that MTBE has been detected in the wells of 77 homes in the area, but they have failed to allege that any of them have failed the recognized unsafe level of 20 parts per billion.

13.   Incredibly, the Plaintiffs further allege that whenever MTBE is released in the environment it has the ability to infiltrate underground water reservoirs and

contaminate wells drawing from underground aquifers and that MTBE can persist in underground aquifers for decades at a time.

14. The Plaintiffs also allege that, MTBE is highly soluble and travels faster and farther in water than other gasoline components.

15. The Plaintiffs, the State of Maryland, by and through the Department of the Environment and Harford County Government all know potential other sources of the alleged MTBE in the wells in question. The Plaintiffs know those other sources more readily than they know the potential class members, but the Plaintiffs have failed to join them into this lawsuit.

16. Some of the potential other sources are within the range of the second sub-class, which purports to make class membership open to all persons or entities owing real property within the vicinity, presumably one and a half miles in radius, from the intersection of Baldwin Mill Road and Mountain Road. Thus the Plaintiffs would in effect make class Plaintiffs of these other sources even though they may have released MTBE themselves.

17. In support of its Motion, the Plaintiffs list four potential questions of law and/or common fact in paragraph 29 of the Complaint, however the questions listed are legally irrelevant. The first question asked is whether these Defendants released MTBE. The second question asked was whether MTBE reached the class Plaintiffs' property, but there is no linkage between the two questions. In other words there is no direct question posed whether MTBE migrated from the Defendants' property to the class Plaintiffs' property.

18. The Plaintiffs' allegations made the point quite clear that MTBE very well could

have come from other distant sources.

19. At this point the Court's record reflects two lawsuits and a total of four homeowners, one on Haddon Hurst Court, two on Cross Country Court and one on Franklin's Chance Court, or a total of eight people who claim injury or damage.

20. Each street upon which the various Plaintiffs reside has its own own unique topography, geology, underground acquifer and storm water management issues.

21. Real property claims like trespass and private nuisance necessarily involve claims and damages that are unique and tailored to the particular parcel in question. Miller v. Maloney Concrete Co., 63 Md. App. 38 (1985).

22. Such claims are not the appropriate subject of a class action. Class actions are extra ordinary procedures with a proper place and purpose. Maryland Rules Commentary, Neimeyer & Schuett (Third Edition) at 163 (2003).

23. Such claims, even in the context of the remaining counts in the Complaint and the Wagner Case reflect a lack of cohesiveness or commonality since as other more likely sources of contamination are identified, the alleged unity of the Plaintiffs, known and unknown, shall no longer exist. In addition, as mentioned in the Motion to Dismiss/Motion for Summary Judgement there are critical issues concerning whether individual class members contributed to MTBE contamination and whether individual class members knew or should have known of the condition of their property.

24. While in some cases the issue of certifying a class should be addressed early, this particular case does not present itself as a good candidate for early certification.

25. Too many variables exist at this time, even based on the Complaint as alleged, which gravitate against certifying a class of Plaintiffs against the Defendants.

26. The Defendant reserves the right to supplement this response with a formal memorandum of law, and incorporates its Motion to Dismiss/Motion for Summary Judgment herein.

WHEREFORE, the Defendant, John R. Hicks requests that the Court deny the Motion for Class Certification without prejudice and grant the Defendant such further relief as the Court deems appropriate.

Paul W. Ishak, Esquire
Stark and Keenan, P.A.
30 Office Street
Bel Air, Maryland 21014
410-879-2222
Attorney for Defendants

## REQUEST FOR A HEARING

The Defendant requests a hearing in this matter prior to the Court ruling on the Motion.

Paul W. Ishak, Esquire

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 10th day of September, 2004, a copy of the foregoing Response to the Motion for Class Certification was mailed first class, postage prepaid to Charles J. Piven, Esquire, The World Trade Center 401 E. Pratt Street, Suite 2525, Baltimore, Maryland 21202, Marshall N. Perkins, Esquire, The World Trade Center, 401 E. Pratt Street, Suite 2525, Baltimore, Maryland 21202, Lon Engel, Esquire, 11 E. Lexington Street, Suite 200, Baltimore, Maryland 21202 and Michael E. Leaf, Esquire, 112 S. Main Street, Bel Air, Maryland 21014.

Paul W. Ishak, Esquire

| | | |
|---|---|---|
| HOPE KOCH, et. al. | * | IN THE |
| Plaintiffs | * | CIRCUIT COURT |
| v. | * | FOR |
| JOHN R. HICKS, et. al. | * | HARFORD COUNTY |
| Defendants | * | Case No.: 12-C-04-1834 |
| | * | |

\*    \*    \*    \*    \*    \*    \*

## ORDER

The Court having considered the Response to the Motion for Class Certification does on this ____ day of _____, 2004 DENY the Motion for Class Certification.


SO ORDERED: _____


cc:    Marshall N. Perkins, Esquire
       Charles J. Piven, Esquire
       Lon Engel, Esquire
       Paul W. Ishak, Esquire
       Michael E. Leaf, Esquire