IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Northern Division

| | |
|---|---|
| HOPE KOCH, et al.,<br><br>       Plaintiffs,<br><br>vs.<br><br>JOHN R. HICKS, et al.,<br><br>       Defendants. | Civil Action No.: 1:04-cv-03345-MJG<br><br>**Hearing Requested** |

### MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTIONS TO REMAND

Exxon Mobil Corporation (hereinafter "ExxonMobil"), a Defendant, by its undersigned counsel, submits this memorandum opposing the two Motions to Remand filed by Plaintiffs Hope Koch and Frank Koch (hereinafter, the "*Koch* Plaintiffs"). Because both Motions fail to demonstrate that remand is proper, each should be denied.

### I. INTRODUCTION

The *Koch* Plaintiffs have filed two Motions to Remand this action to the Circuit Court for Harford County, Maryland. Both motions contend that certain putative procedural defects in ExxonMobil's Notice of Removal require remand. The first motion, filed on October 21, 2004, argues that the Notice of Removal was untimely under 28 U.S.C. § 1446(b). The second motion, filed four days later, argues that the Notice of Removal's alleged non-compliance with Local Rule 103.5.a is a defect warranting remand. Neither motion is well-taken.

ExxonMobil's Notice of Removal was timely. The notice was filed within thirty days after service of the complaint whose allegations gave rise to this Court's subject matter jurisdiction, and well within thirty days after the state court order consolidating that case with *Koch*. The Notice of Removal

expressly states that ExxonMobil computed the thirty-day time limit on removal per the second sentence of Section 1446(b).

As explained in the Notice of Removal, ExxonMobil did not remove the pre-consolidation *Koch* action because this Court's jurisdiction was not ascertainable from the face of the *Koch* Complaint. Consequently, the *Koch* Complaint did not appear to be removable. However, the *Koch* case was consolidated with another action (*"Wagner II"*) for all purposes on September 23, 2004. *Wagner II* was served on ExxonMobil on September 15, 2004; hence the consolidated action remained properly removable through October 15, 2004. ExxonMobil's Notice was filed on October 15, 2004, and was, therefore, timely.

The First Motion to Remand relies on a fundamental mischaracterization of the *Koch* Complaint, attempting to add allegations to the Complaint not evident on its face. The only alleged "tortious activity" or "wrongful conduct" apparent upon a fair reading of the *Koch* Complaint is the Defendants' alleged "failure to safely store MTBE" and resulting contamination of the surrounding ground water. *See*, *e.g.*, *Koch* Compl., ¶¶ 1, 3, 12-13, 15, 18-19, 22, 27, 29. While it now appears that the *Koch* Plaintiffs are expanding their theories of liability, ExxonMobil did not have any reason to view *Koch* as alleging a claim within this Court's original subject matter jurisdiction before the state court's Consolidation Order.

Why, then, did ExxonMobil remove *Koch*? The answer lies in the procedural history of this case in state court. It was only once the Circuit Court for Harford County had consolidated *Koch* with *Wagner II* — the latter action being one that did, on the face of its Complaint, plainly fall within this Court's subject matter jurisdiction— and only once that court had rejected any suggestion that the two were "not consolidated as a single action," that ExxonMobil removed the entire consolidated proceeding

2

to this Court.[1] Because *Koch* did not appear on its face to be removable; because *Wagner II* did; because removal occurred within thirty days of the *Wagner II* Complaint's service on ExxonMobil and well within thirty days of consolidation, the Notice of Removal was timely filed.

The *Koch* Plaintiffs' Second Motion to Remand asserts that the Court should remand because ExxonMobil allegedly failed to attach to its Notice of Removal all process, pleadings, papers, and orders served on it. Such an argument is persnickety and without substance. Every case reported to have addressed this issue has rejected such an argument as grounds to remand.

For all of these reasons, set forth in greater detail below, this Court should deny the *Koch* Plaintiffs' pending Motions to Remand.

## PROCEDURAL HISTORY

This litigation arises from the alleged contamination of potable wells in the Fallston/Baldwin area of Harford County, Maryland, by the gasoline additive, methyl-tertiary butyl ether (hereinafter, "MTBE"). *See Koch* Compl., ¶¶ 1, 12, 15, 24-25. The Plaintiffs allege that a service station owned and operated by the Defendants is the source of MTBE. *See id.*, ¶15.

Three putative class actions were filed by two different groups of Plaintiffs in the Circuit Court for Harford County. One, *Stephen A. Wagner et al. v. John R. Hicks, et al.* (hereinafter, "*Wagner I*"), was removed to this Court on August 12, 2004. *See Wagner v. Hicks,* Civil Action 1:04-cv-02639-MJG. On September 1, 2004, the plaintiffs dismissed *Wagner I* without prejudice by notice and an identically captioned case involving the same parties was filed the same day by the same counsel in the Circuit Court for Harford County. *Stephen J. Wagner, et al. v. John R. Hicks, et al.*, Cir. Ct. Harford County,

---

[1] As explained below, the First Motion to Remand misstates Maryland law concerning the effect of the pre-removal consolidation order. Under Maryland Rule 2-503(a) and cases construing it, one consolidated action was created and one consolidated action was removed to this Court.

3

Md., Case No. 12-C-04-2448 (i.e., *"Wagner II"*).  The third action filed in Harford County was captioned as *Hope Koch, et al. v. John R. Hicks, et al.,* Cir. Ct. Harford County, Md., Case No. 12-C-04-1834 (hereinafter, *"Koch"*).

By order of Honorable William O. Carr, Administrative Judge of the Circuit Court for Harford County, *Wagner II* and *Koch* were specially assigned to Honorable Emory A. Plitt of the same court. On September 23, 2004, Judge Plitt consolidated *Wagner II* and *Koch* "for all future purposes" pursuant to Maryland Rule 2-503, and directed that the consolidated case (hereinafter, the "*Koch* Consolidation") proceed under the original case number assigned to *Koch*.  *See* Notice of Removal, Exhibit 1 (hereinafter, "September 23rd Order").

On September 24, 2004, counsel for the *Koch* Plaintiffs wrote to Judge Plitt, requesting clarification of the September 23rd Order:

> Your Honor's September 23rd Order of Consolidation can be read to consolidate the *Koch* and *Wagner* actions for all purposes.  Regarding federal removal, there is a 30-day deadline for a defendant to remove, and, quite frankly, *Koch* Plaintiffs do not know what effect **total consolidation** of the two cases would have with respect to that federal statutory provision (e.g., whether that deadline for both cases would run from the filing of the *Koch* complaint, *etc.*), but *Koch* Plaintiffs, out of an abundance of caution, believe it makes sense to avoid any uncertainty in this regard.

*See* Exhibit 1 hereto (emphasis added).[2]  Counsel for the *Koch* Plaintiffs submitted a "Draft Revised Order of Consolidation" that would have nullified such "total consolidation" by specifically stating that *Wagner II* and *Koch* were "not consolidated as a single action."  *See id*.

Judge Plitt's response to counsel's September 24th letter left no doubt that "consolidated for all future purposes" meant just that: "The Order of Consolidation that I issued shall stand as is."  *See* Notice of Removal, Exhibit 3.  By rejecting the *Koch* Plaintiffs' Draft Revised Order of Consolidation, Judge

---

[2]   Exhibit 1 hereto, which the *Koch* Plaintiffs' First Motion to Remand does not even acknowledge let alone discuss, was also attached to ExxonMobil's Notice of Removal as Exhibit 2 thereto.

4

Plitt rejected the suggestion that *Wagner II* and *Koch* were "not consolidated as a single action" and emphasized that his "total consolidation" of the two would stand.

On Friday, October 15, 2004, ExxonMobil removed the *Koch* Consolidation to this Court. As with *Wagner I*, the principal bases for removal, as set forth in detail in ExxonMobil's Notice of Removal, were that:

> *Wagner II* (and, by extension, the *Koch* Consolidation) is an action over which this Court has original jurisdiction under 28 U.S.C. § 1331. In addition, in connection with the conduct that is the gravamen of the *Wagner II* Complaint, ExxonMobil was and has been acting under federal direction, as alleged more fully herein.

*See* Notice of Removal at 3, ¶ 9, citing 28 U.S.C. § 1442(a)(1) and *In re Methyl Tertiary Butyl Ether ("MTBE") Products Liability Litigation,* ___ F. Supp. 2d ___, ___, 2004 WL 515535 at *10 (S.D.N.Y. Mar. 16, 2004) (Scheindlin, J.) (Notice of Removal, Exhibit 5). The Notice of Removal asserted this Court's supplemental jurisdiction over all remaining *Wagner II* claims, "wholly unrelated to the content of fuel" and over those claims stated in the *Koch* Complaint. *See, e.g., id.* at 7 n. 2, citing 28 U.S.C. § 1367(a).

## ALLEGATIONS: *WAGNER II* VERSUS *KOCH*

The distinction between claims that are based upon the content of fuel and those that are not lies at the heart of the instant dispute. The claims stated on the face of the *Wagner II* Complaint are, in part, based upon the content of gasoline and are removable to this Court. The claims asserted on the *face* of the *Koch* Complaint do not turn on the content of gasoline; therefore the *Koch* Complaint could not be removed before consolidation.

5

A. *Wagner II*

The *Wagner II* Complaint asserts four un-numbered causes of action against ExxonMobil.[3] The first claim, although styled as "Negligence," is in fact a product liability claim that seeks to hold ExxonMobil liable under Maryland product liability law for using a gasoline additive, MTBE, that the United States Congress intended ExxonMobil to use in order to comply with the requirements of the federal Clean Air Act and that the United States Environmental Protection Agency ("EPA") specifically approved for such purpose. *See Wagner II*, Civil Action No.: 1:04-cv-03345-MJG, ExxonMobil's Memorandum in Support of Motion to Dismiss (Paper No. 18), pp. 6-14.

In effect, as ExxonMobil asserted in its Notice of Removal and Motion to Dismiss, *Wagner II* seeks to sue ExxonMobil for a purported design defect in its gasoline, the inclusion of MTBE, which ExxonMobil did to comply with federal law. *Wagner II* strips out all of the "product defect" language cited in ExxonMobil's Notice of Removal of *Wagner I* and no longer asserts a claim entitled "Strict Liability." Nevertheless, the common theme in *Wagner I* and *Wagner II* is that the presence of MTBE in gasoline posed a "hazard" (i.e., a product defect) that could have been either designed out or warned about.

It is, in short, the inclusion of MTBE in gasoline that is the gravamen of *Wagner II*'s "Negligence" count. This conclusion is underscored by the first of the allegedly "common legal and factual questions" listed in *Wagner II*'s class-action allegations: "Whether the existence of MTBE... in groundwater creates a health hazard to residents." *Wagner II* Compl., ¶ 11(a). *Wagner II* — particularly, its "Negligence" count — is, therefore, a challenge to MTBE-in-gasoline and, by extension, the decision to include MTBE in gasoline. It is a product liability claim in 'sheep's clothing' that would

---

[3] The four counts are "Negligence," "Private Nuisance," "Trespass," and "Violation of § 4-409, Environment Article."

6

have this Court hold ExxonMobil liable under Maryland product liability law for "designing" MTBE into gasoline. This claim, as ExxonMobil's Notice of Removal asserted, provides a basis for this Court's subject matter jurisdiction.[4]

### B. *Koch*

In contrast to *Wagner II*, *Koch*, on its face,[5] asserts traditional state-law claims, where the allegedly "wrongful conduct" or "tortious activity" is not the design or marketing of a product, but is instead the Defendants' alleged "failure to safely store MTBE" and resulting contamination of the surrounding ground water. *See*, *e.g.*, *Koch* Compl., ¶¶ 1, 3, 12-13, 15, 18-19, 22, 27, 29.[6]

The first paragraph of the *Koch* Complaint makes the gravamen of the claims clear: "This action involves the ***unlawful and wrongful storage of MTBE***, ***such tortious activity*** causing substantial property damage and materially increased health risks to homeowners and/or residents in the vicinity of the Crossroads Exxon...." *Id.*, ¶ 1 (emphasis added). Throughout their Complaint, the *Koch* Plaintiffs' allegations concern the ***unsafe storage*** of MTBE gasoline, asserting "unsafe storage" as the "wrongful conduct" responsible for "produc[ing] an underground 'plume' (or other leakage) of MTBE that has

---

[4] Significantly, the *Wagner* Plaintiffs' response to removal was not to challenge this Court's subject matter jurisdiction, or ExxonMobil's reading of their complaints, but to dismiss both *Wagner I* and *Wagner II* by notice. Given that the second of these notices "operate[d] as an adjudication on the merits," Fed. R. Civ. P. 41(a)(1), if they had had any reasonable basis to challenge ExxonMobil's removal under 28 U.S.C. §§1331 and 1442(a)(1), the *Wagner* Plaintiffs surely would have moved to remand.

[5] Notwithstanding the plain meaning of the allegations stated in their Complaint, the *Koch* Plaintiffs' First Motion to Remand now appears to be advocating the very same product defect theories concerning MTBE contained in *Wagner I* and *II*, notwithstanding the far different allegations stated on the face of the *Koch* Complaint. If the *Koch* Plaintiffs do pursue these "*Wagnerian*" theories, their case will be subject to original federal subject matter jurisdiction for the same reasons both *Wagner* Complaints were. Under these circumstances, ExxonMobil is assessing the need to supplement its Notice of Removal to include the *Koch* Plaintiffs' assertion of expanded product-based claims as an additional basis for this Court's subject matter jurisdiction.

[6] These allegations, as ExxonMobil's Notice of Removal pointed out, would not fall within this Court's subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1442(a)(1). *See* Notice of Removal at 7, ¶ 21.

7

contaminated nearby properties (including Plaintiffs'...)." *E.g., id.*, ¶¶ 3, 12, 15, 19. The only reasonable reading of the *Koch* Complaint is that the Defendants' allegedly unsafe storage and discharge of MTBE is the only "tortious activity" or "wrongful conduct" alleged.[7]

In contrast to the *Wagner II* Complaint, there are no allegations in the *Koch* Complaint challenging the decision to include MTBE as one of gasoline's constituents.

## ARGUMENT

### A. ExxonMobil's Removal of The *Koch* Consolidation Was Timely

A review of both complaints demonstrates that, on its face, *Wagner II* was removable and, on its face, *Koch* was not. The issue therefore becomes whether removal of the *Koch* Consolidation (in its entirety) within thirty days after service of the *Wagner II* Complaint and issuance of the September 23rd Order was timely. As set forth below, precedent demonstrates indeed that removal was timely.

"Pursuant to 28 U.S.C. § 1441, 'any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant' to the corresponding district court. The propriety of removal is determined as of the time of removal..." *In re Microsoft Antitrust Lit.*, 332 F.Supp.2d 890, 892 (D.Md. 2004), citing *Nolan v. Boeing Co.*, 919 F.2d 1058, 1064 n. 5 (5th Cir.1990).

The *Koch* Plaintiffs cite as "unequivocal" the thirty-day time limit of *the first sentence* of 28 U.S.C. § 1446(b). First Motion to Remand, Mem. at 3. It is unequivocal. It is also inapplicable. As Judge Schiller of the Eastern District of Pennsylvania recently noted:

---

[7] Paragraphs 18 and 19 of the *Koch* Complaint also allege the Defendants' "aware[ness] of specific incidents of groundwater contamination," and their "deliberate[] withh[olding]" of such information from "all non-oil industry parties." However, instead of being directed toward some other theory of wrongdoing, these allegations are intended to underscore the Defendants' alleged awareness of the "consequences of [or "resulting from"] the failure to safely store MTBE." *See Koch* Compl., ¶¶ 18-19.

8

> § 1446(b) requires a defendant to file a notice of removal within thirty days after receipt of the initial pleading [citation omitted].  Importantly for purposes of this motion, however, the statute also provides that where an initial pleading is not removable as originally filed, but subsequently becomes subject to removal through some later event: [A] notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable....

*Cottman Transmission Systems, LLC v. Bence*, 2004 WL 98594 at *2 (E.D.Pa. Jan. 15, 2004), quoting 28 U.S.C. § 1446(b) (second sentence).

At issue in *Cottman Transmission Systems* was whether a removal of proceedings consolidated in state court was timely notwithstanding that the state court complaints had been filed seven months before the removal.  To answer this question, Judge Schiller first considered whether the state court consolidation order "created a single action." *Id.*  Examining the effect of consolidation orders under Pennsylvania's and other states' procedures, the court held that "[t]he consolidation order in this case...makes clear that the combined actions are to be treated as if they 'had been commenced as a single action.'"  *Id.*, quoting *Keefer v. Keefer*, 741 A.2d 808, 811 (Pa. Super. Ct. 1999).  Accordingly, the action "became removable upon the entry of the state consolidation order  and was timely removed sixteen days later."  *Id.* at *3.

In this case, ExxonMobil filed its Notice of Removal on October 15, 2004, twenty-one days after its receipt of the September 23rd Order.  The *Koch* Plaintiffs claim it is a mere "fiction" inconsistent with Maryland law to assert that the September 23rd Order created a single action that was removable in its entirety.  First Motion to Remand, Mem. at 4.  Such rhetoric is, however,  contrary to established precedent and authority.

The leading commentator on, and author of, the Maryland Rules (*viz.*, Circuit Judge Niemeyer) has noted that consolidation under Maryland Rule 2-503(a) allows a Maryland Circuit Court "*sufficient*

9

*flexibility*, in the interest of judicial economy, *to combine* issues, counts, or *actions* in any combination that is practical and fair...." P. Niemeyer and L. Schuett, MARYLAND RULES COMMENTARY 364 (3d ed. 2003) (emphasis added).

Rule 2-503 permits consolidation into a single action so long as the trial court's intention to do so is clear. *Yarema v. Exxon Corp.*, 305 Md. 219, 236, 503 A.2d 239, 248 (1986). Such intent was deemed clear in one consolidated proceeding because the trial court had not "caused the judgment to be entered on the separate docket sheets for each of the separate cases." *Owens-Corning v. Walatka*, 125 Md. App. 313, 340-41, 725 A.2d 579, 592 (1999), citing *Yarema,* 305 Md. at 239-40, 503 A.2d 239 (1986).

In this case, the Circuit Court for Harford County made it abundantly clear that the September 23rd Order created "a single action." This intent was so clear that it caused the *Koch* Plaintiffs to plead for a revised order undoing such "total consolidation": one that would have limited the extent of consolidation by specifically stating that *Wagner II* and *Koch* were "not consolidated as a single action." Exhibit 1. Contrary to the position they now take, the *Koch* Plaintiffs acknowledged that the September 23rd Order of Consolidation was "total" in its effect and "can be read to consolidate the *Koch* and *Wagner* actions for all purposes." *Id.* The only logical conclusion from the Circuit Court's rejection of the *Koch* Plaintiffs' proposed revision is that the court intended to consolidate *Koch* and *Wagner II* "as a single action." *See* Notice of Removal, Exhibits 1-3 (emphasis added). Given this, the Notice of Removal was unquestionably timely.

Finally, the *Koch* Plaintiffs' First Motion to Remand cannot be correct, because its flawed basic premise would open the floodgates to unwarranted, prophylactic removals to the District Courts. If credited, in those circumstances where the existence of federal jurisdiction is not ascertainable from the *face* of a complaint, defendants would be left in the untenable position of removing on the hunch that the

10

plaintiffs might change or expand their claims. Otherwise, defendants would run the risk of losing their right to remove on the ground — as the *Koch* Plaintiffs assert — that the defendants should have foreseen how the plaintiffs would rely on theories of liability not overtly pleaded in their complaint.[8] Such a result would be contrary to the removal statute itself and swamp this Court in unnecessary removal practice. This is precisely what the second sentence of Section 1446(b) was intended to prevent.

ExxonMobil timely removed once it had a reasonable, good faith basis to remove the entire *Koch* Consolidation by virtue of the September 23rd Order. The Court should, therefore, deny the *Koch* Plaintiffs' First Motion to Remand.

B. <u>There is No Basis to Remand for Alleged Non-Compliance with a Local Rule.</u>

The Second Motion to Remand does not merit much discussion. Its premise is that an alleged failure to attach to the Notice of Removal "true and legible copies of all process, pleadings, papers, and orders which ha[d] been served upon" ExxonMobil, L.R. 103.5.a, has caused such "inefficiency and confusion," and was such an egregious "failure to comply with" "the simplest of rules related" to removal, that this Court should decline jurisdiction. *Koch* Pltfs' 2nd Mot. Remand, Mem. at 2. No statute or precedent is cited for this proposition.[9]

This is because the courts that have examined this argument have rejected it out of hand. *See, e.g., Flores v. Baldwin*, 2002 WL 1118504 at *4 (N.D.Tex. May 28, 2002), quoting *Covington v. Indemnity Ins. Co. of North Am.,* 251 F.2d 930, 933 (5th Cir.1958) ("'removal proceedings are in the

---

[8] The *Koch* Plaintiffs' apparent intent to pursue product liability claims has only become discernable now that they have expanded on their claims through subsequent filings such as the First Motion to Remand.

[9] The motion's only case citation in support of this argument is entirely gratuitous. *Mattingly v. Hughes Elec. Corp.*, 107 F.Supp.2d 694, 696 (D.Md. 2000), held that any doubt concerning a jurisdictional requisite — in that case, the amount in controversy — should be resolved in favor of remand.

11

nature of process to bring the parties before the Federal Court and mere modal or procedural defects are not jurisdictional'"; hence, failure to comply with a local rule similar to L.R. 103.5.a did not warrant remand). The failure to attach papers to a notice of removal is a 'minor irregularity' that is curable and does not preclude removal. *See generally*, Wright, Miller & Cooper, 14C FEDERAL PRACTICE AND PROCEDURE § 3733 & n. 5 (3d ed. 1998), citing, *inter alia*, *Riehl v. Nat'l Mut. Ins. Co.*, 374 F.2d 739 (7th Cir. 1967), and *Agee v. Huggins*, 888 F.Supp. 1573, 1577 (N.D.Ga. 1995).[10]

Indeed, notwithstanding their protest that anarchy will ensue, the *Koch* Plaintiffs have not been so "confus[ed]" that they cannot appreciate that this minor irregularity has already been cured. *See* 2nd Mot. Remand, Mem. at 2 (noting "'make-up filings by Defendant Hicks"). A minor irregularity has been cured. The Plaintiffs have not been prejudiced. The Second Motion to Remand should, accordingly, be denied.

## CONCLUSION

For all of the foregoing reasons, ExxonMobil submits that the Court should deny the *Koch* Plaintiffs' Motions to Remand.

Dated: November 8, 2004          Respectfully submitted,

/s/
Andrew Gendron (#5111) (agendron@venable.com)
VENABLE LLP
Two Hopkins Plaza, Suite 1800
Baltimore, Maryland 21201
410-244-7439 (tel.)
410-244-7742 (fax)

*Attorneys for Defendant Exxon Mobil Corporation*

---

[10] Local Rule 103.5.a obviously contemplates that the District Court may not have all state court filings immediately upon removal. A certification "that all filings in the State Court action have been filed in the District Court" is not due until thirty days after removal (in this case, November 15, 2004). L.R. 103.5.a.

12

Of counsel:
ARCHER & GREINER
A Professional Corporation
One Centennial Square
P.O. Box 3000
Haddonfield, NJ  08033-0968
(856) 795-2121

13