01;45;3;09/09/04
4010908A;20644.00

| | | |
|---|---|---|
| HOPE KOCH and FRANK KOCH | * | IN THE |
| | * | CIRCUIT COURT |
| Plaintiffs, v. | * | FOR |
| JOHN R. HICKS (d/b/a Crossroads Exxon) | * | HARFORD COUNTY |
| | * | Case No.: 12-C-04-1834 |
| and | * | |
| EXXONMOBIL OIL COMPANY | * | |
| Defendants. | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## DEFENDANT EXXON MOBIL CORPORATION'S PRELIMINARY RESPONSE TO CLASS CERTIFICATION AND REQUEST FOR SCHEDULING CONFERENCE

Defendant, Exxon Mobil Corporation ("ExxonMobil") requests this Court set a scheduling conference as soon as practicable to address several matters in this case and coordinate scheduling this matter with the recently filed <u>Wagner II</u> case.[1] Both are complex putative class actions which seek to represent virtually the same people asserting essentially the same claims. The classes sought in these cases are clearly overlapping. Scheduling the requested hearing is essential to conserve judicial resources, promote judicial economy and efficiency and avoid duplicative filings with this Court. The undersigned counsel for ExxonMobil has previously requested an extension from plaintiffs' counsel advising that we will file motions to dismiss which are likely to affect the requested classes. Specifically, the undersigned counsel requested plaintiffs defer our response to their Motion for Class Certification as wasteful and potentially unnecessary at this time. Counsel for Koch rejected this

FILED

04 SEP -9 PM 2: 22

CLERK OF CIRCUIT CT
HARFORD COUNTY, MD

1

EXHIBIT
8

01;45;3;09/09/04
4010908A;20644.00

appeal insisting that defendants respond to their Motion for Class Certification at the same time defendants' move to dismiss on the pleadings.

The need for a scheduling conference is even more compelling now that there is a competing class action which was filed in this Court on September 1, 2004. Absent a scheduling conference, this Court may be required to consider similar or identical motions in two different lawsuits at different times. Moreover, if a scheduling conference is not conducted in the near future, these overlapping, virtually identical class actions will proceed concurrently on two different timetables. This would result in a doubling of the burden on the Court for what is essentially the same suit filed in two cases.

For these reasons, and as set forth more fully below, ExxonMobil, by and through its undersigned counsel, hereby respectfully requests that this Honorable Court set a scheduling conference to address several preliminary matters in this case, grant ExxonMobil leave to conduct limited discovery on class issues, and grant ExxonMobil additional time to respond to Plaintiffs' Motion for Class Certification.

## I. PROCEDURAL AND FACTUAL BACKGROUND

### A. Koch Plaintiffs' Class Action Suit

The procedural history of the Koch case alone illustrates the need for Court intervention now. Plaintiffs Hope and Frank Koch, by their attorneys Charles J. Piven, Marshall N. Perkins, and Lon Engel, filed this putative class action suit, demanding unspecified damages and equitable relief (the "Koch Complaint") on June 30, 2004. ExxonMobil's registered agent was served on June 30, 2004. On July 23, 2004, counsel for ExxonMobil, Marc Rollo, phoned

---

[1] On September 1, 2004, a competing class action, *Wagner, et al. v. Hicks and Exxon Mobil Corporation*, Case No 12-C-04-2448, (Wagner II) was filed with this Court.

01;45;3;09/09/04
4010908A;20644.00

counsel for the Kochs and spoke with Marshall Perkins. During that discussion, Mr. Perkins explained it was plaintiffs' position that as an out-of-state defendant, ExxonMobil had sixty (60) days to file a responsive pleading to the Koch Complaint, i.e. until August 30, 2004.[2] (See letter attached as Exhibit 1).

The plaintiffs then filed a Motion for Class Certification on July 2, 2004. ExxonMobil was not served with this Motion until August 3, 2004.[3] ExxonMobil's response to the Motion for Class Certification would be due, at the earliest, after its responsive pleading was filed to the Koch Complaint. Md. Rule 2-311(b).

In late July and through early August, in-house counsel for ExxonMobil contacted and interviewed local Maryland counsel to represent the Company. Thereafter, ExxonMobil retained the undersigned (Michael Leaf and Hodes, Ulman, Pessin & Katz, P.A.) as Maryland counsel for this matter on August 11, 2004. On August 13, 2004, the undersigned phoned Mr. Perkins, indicated that he had just been retained as counsel, and requested an extension of thirty days to respond to the Koch Complaint. Mr. Perkins declined this request to respond by September 30, but he did grant an extension until September 10. That agreement was memorialized in writing by letter dated August 16, 2004, attached hereto as Exhibit 2.

During that same discussion, the undersigned explained that ExxonMobil would likely to file a motion on the pleadings and, therefore, requested that Mr. Perkins agree to defer consideration of the Motion for Class Certification until after this Court ruled on ExxonMobil's

---

[2]   Mr. Perkins granted an extension of time for co-defendant Hicks to file a response to the Koch Complaint until the same date, August 30, 2004.

[3]   The Certificate of Service indicates that the Motion for Class Certification had been hand-delivered to ExxonMobil on July 1, 2004. However, ExxonMobil was not served with the Motion until August 3. If necessary, ExxonMobil will filed a Motion to Strike the Certificate of Service and will present evidence regarding when the

3

01;45;3;09/09/04
4010908A;20644.00

Motion to Dismiss. The undersigned explained that if the Court were to grant ExxonMobil's Motion to Dismiss, in whole or in part, this would substantially change the composition of the case, including class certification issues. Mr. Perkins noted that he would have to discuss the matter with his colleagues and would respond as soon as he was able.

The following week, my colleague Susan Euteneuer phoned Mr. Perkins, again requesting that the Motion for Class Certification be held until after this Court rules on ExxonMobil's responsive pleading which would necessarily affect the Motion for Class Certification. Such a motion, if this Court were to grant it, would eliminate several of the plaintiffs' claims as a matter of law, and therefore would necessarily affect ExxonMobil's response to the Motion for Class Certification as well. If the Kochs would agree to address the class issues after the pleadings issues, this would streamline the matter for the Court and save time and money for all parties.

Mr. Perkins contended that it was his understanding that ExxonMobil's response to the Motion for Class Certification was already overdue at that time, but that he would, nevertheless, discuss this matter with his colleagues. Counsel for ExxonMobil respectfully disagreed with his contention, counsel for the Kochs agreed that the response the Motion for Class Certification would not be due until September 10, 2004.

Mr. Perkins did note that Mr. Piven and Mr. Engel were both on vacation, and that he was going on vacation himself the following week. At first, Mr. Perkins stated that he may respond to this request, but not until August 30, 2004. He acknowledged that making ExxonMobil wait over two weeks for a response was not reasonable, so he agreed to leave

---

Motion was actually received. ExxonMobil sincerely hopes that such matters could instead be addressed by this Court in the course of the requested scheduling conference.

4

01;45;3;09/09/04
4010908A;20644.00

information for his colleagues about this request and notify Mr. Piven to phone Ms. Euteneuer upon his return from vacation. This discussion was memorialized in a letter to Mr. Perkins dated August 18, 2004, attached hereto as Exhibit 3.

Mr. Piven spoke to Ms. Euteneuer upon his return on August 24, 2004. Ms. Euteneuer again set forth the issue regarding scheduling deadlines to Mr. Piven, notably that it made inherently more sense for the parties to wait for a decision on the Motion to Dismiss before taking up the Motion for Class Certification. Mr. Piven indicated that he understood her, but refused her request. However, Mr. Piven stated that he would agree to allow ExxonMobil until September 10, 2004 to respond to the Motion for Class Certification. This is the same due date as ExxonMobil's responsive pleading to the Koch Complaint, including the ten (10) day extension.

Since the parties were unable to resolve scheduling these matters without the Court's intervention, ExxonMobil respectfully requests that this Court consider these same issues and determine its own schedule of deadlines, as is well-within its plenary powers.

### B. Wagner – The Competing Class Action

It is important to note that there is a companion case to the Koch Complaint currently pending in this Court. On July 1, 2004, the day after the Koch Complaint was filed, the Law Offices of Peter Angelos filed its own lawsuit in this Court. The matter was captioned *Wagner, et al. v. Hicks and ExxonMobil*, Case No. 12-C-04-1851-OC ("Wagner I").

Just like the Koch Complaint, the Wagner I Complaint purported to be another class action suit relating to the same alleged gasoline release from the same service station. Since Wagner I included a products liability claim, on August 12, 2004, ExxonMobil removed Wagner

5

01;45;3;09/09/04
4010908A;20644.00

I to federal court.[4] On September 1, 2004, the Angelos firm filed a Notice of Voluntary Dismissal of Wagner I, and filed a new complaint with this Court ("Wagner II"), which does not include a specific products liability count.

The Wagner II complaint sounds in the same four counts as the Koch complaint: Negligence, private nuisance, trespass, and violation of § 4-409 of Maryland's Environmental Article. In addition, Wagner II seeks to certify virtually the same classes as the Koch complaint: One for property damage and one for medical monitoring.

ExxonMobil respectfully submits that since there are competing class actions, it would be premature for this Court even to consider the request for class certification of the Koch matter. Counsel's haste to certify a class appears to be motivated more by the existence of a competing class action, than by any interest in the orderly and efficient resolution of the issues before this Court.

## II. MOTION FOR CLASS CERTIFICATION SHOULD BE ADDRESSED AFTER MOTIONS ON THE PLEADINGS

Plaintiffs' insistence that this Court address questions about the class action motion before or even at the same time as the Motion to Dismiss is proverbially putting the cart before the horse. Instead, discovery concerning the proposed classes and the class action motion itself should not be addressed until the pleadings are settled.

ExxonMobil will file a Motion to Dismiss that could, and its view should, affect the fundamental composition of this case. For instance, if certain counts were dismissed, such

---

[4] The federal Multi-District Litigation ("MDL") panel has assigned all MTBE products liability cases to one federal judge, the Honorable Shira A. Scheindlin sitting in the Southern District of New York. Judge Scheindlin has previously asserted federal jurisdiction over such claims and over the defendants as federal officers. By removing Wagner I, ExxonMobil was complying with the MDL directive, setting forth how it is that the Wagner I Complaint contains the sort of allegations delineated by the MDL panel.

6

01;45;3;09/09/04
4010908A;20644.00

rulings would necessarily affect how this Court would evaluate the proposed class certification. It would also substantially affect what the various parties would file in the case.

The Maryland Rules contemplate that motions for class certification should be decided as soon as practicable. Md. Rule 2-231(c). However, it is not practicable for this Court to decide the Kochs' motion right now. Instead, ExxonMobil respectfully requests that this Court exercise its plenary scheduling power to set these matters in for consideration in a manner that makes the most sense. *See, Hossainkhail v. Gebrehiwot*, 143 Md. App. 716, 728, 795 A.2d 816, 823 (2002)(Discussing a court's "inherent authority to manage its affairs and achieve an orderly and expeditious disposition of cases"). This is by no means a surreptitiously dilatory tactic. This is a complex case, and it may even be that this Court will have to evaluate competing requests for class certification in the near future. ExxonMobil is only requesting that this Court set a scheduling conference in order to prevent unnecessary confusion and delays in the future.

The streamlined approach proposed would avoid pleadings and hearings on moot and undisputed issues. ExxonMobil therefore urges this Court to set this matter in for a scheduling conference as soon as possible to begin discussing these issues.

### III. DISCOVERY

Discovery on class issues is commonplace in class action litigation. *See* Alba Conte & Herbert Newberg, *Newberg on Class Actions* (Fourth Ed., 2002). ExxonMobil contends that discovery would be helpful in this complex matter to assist the parties and the Court in evaluating whether a class should be certified and whether the named plaintiffs are representative of the class.

The law governing class action requests require, *inter alia*, that Plaintiffs satisfy the Court that they have met the commonality, typicality, and cohesiveness mandates. The Koch

7

01;45;3;09/09/04
4010908A;20644.00

plaintiffs claim that they are "representative" of the putative classes of residents who have suffered both property damage and personal injury. They allege that their well shows contamination with MTBE, and they also complain that Hope Koch has suffered from headaches and other symptoms that she now attributes to MTBE.[5]

The Wagner II plaintiffs also claim that they are "representative" of a putative class of residents who have allegedly suffered property damage and seek medical monitoring. Serious and fundamental discrepancies such as these cry out for at least some discovery *before* this Court should be expected to consider the Motion for Class Certification in this case.

Granting such a request is well within this Court's discretionary authority under Md. Rule 2-231(g). Deadlines for such discovery about the issues surrounding the Motion for Class Certification could be discussed at a scheduling conference. The results of such discovery would be incorporated into briefs from the parties regarding whether the Kochs' case meets the threshold requirements of a class action suit, or not.

Discovery should include investigation of the Kochs' claims, discovery regarding the Wagner II plaintiffs, as well as discovery of the claims of other putative class members, possible third party percipient witnesses, and regulatory agencies. As plaintiffs' counsel is likely aware from the media, there may well also be other parties who had storage tanks containing gasoline and MTBE during the last fifteen years in Upper Fallston. Harford County public health officials and officials from Maryland Department of the Environment continue investigating such possible alternate sources of contamination. Such alternate sources of concern would affect not only the Kochs' individual claims, but also the claims of all putative class members.

---

[5] As set forth in the Koch complaint, MTBE levels recognized by the state of Maryland as actionable are at least 20 parts per billion. Laboratory results from the Koch's well reveal results between 0-0.5 ppb of MTBE. In contrast, there are residents reporting higher levels of MTBE in their wells.

8

01;45;3;09/09/04
4010908A;20644.00

## IV. CONCLUSION

For the foregoing reasons, ExxonMobil respectfully requests that the Court set this matter in for a scheduling conference as soon as possible to discuss: Dates and deadlines for addressing the Motion to Dismiss and class certification issues, scheduling discovery on class certification issues, and setting a preliminary hearing regarding technical issues and alternate sources.

Respectfully submitted,

Michael E. Leaf, Esquire
Susan M. Euteneuer, Esquire
Hodes, Ulman, Pessin & Katz, P.A.
112 South Main Street, Suite 102
Bel Air, Maryland 21014
(410) 893-0100
*Counsel for Defendant Exxon Mobil Corporation, Inc.*

Of counsel:
ARCHER & GREINER
A Professional Corporation
One Centennial Square
Haddonfield, NJ 08057
856-795-2121

01;45;3;09/09/04
4010908A;20644.00

## CERTIFICATE OF SERVICE

I HEREBY certify that on ___9th___ day of ___September___, 2004, a copy of the foregoing DEFENDANT EXXON MOBIL CORPORATION'S PRELIMINARY RESPONSE TO CLASS CERTIFICATION AND REQUEST FOR SCHEDULING CONFERENCE was mailed to Charles J. Piven, Esquire, Marshall N. Perkins, Esquire, Law Offices of Charles J. Piven, P.A., The World Trade Center-Baltimore, 401 East Pratt Street, Suite 2525, Baltimore, Maryland 21202, Lon Engel, Esquire, Engel & Engel, P.A., 11 East Lexington Street, Suite 200, Baltimore, Maryland 21202, and Paul W. Ishak, Esquire, Stark and Keenan, P.A., 30 Office Street, Bel Air, Maryland 21014.

Michael E. Leaf

Aug-03-04   02:30pm   From-Archer & Gre    +856 428 4386    T-102   P.002/003   F-486

# ARCHER & GREINER
A PROFESSIONAL CORPORATION

COUNSELLORS AT LAW

ONE CENTENNIAL SQUARE
HADDONFIELD, NJ 08033-0968
856-795-2121
FAX 856-795-0574

CELEBRATING 75 YEARS

www.archerlaw.com

July 23, 2004

**PRINCETON OFFICE**
700 ALEXANDER PARK
SUITE 102
PRINCETON, NJ 08540
609-580-3700
FAX 609-580-0051

**FLEMINGTON OFFICE**
PLAZA ONE
1 STATE ROUTE 12, SUITE 201
FLEMINGTON, NJ 08822-1722
908-788-9700
FAX 908-788-7854

MARC A. ROLLO

**PHILADELPHIA OFFICE**
ONE SOUTH BROAD STREET
SUITE 1620
PHILADELPHIA, PA 19107
215-568-4166
FAX 215-568-2843

**WILMINGTON OFFICE**
1300 NORTH MARKET STREET
SUITE 700
WILMINGTON, DE 19801
302-777-4350
FAX 302-777-4352

Email Address:
mrollo@archerlaw.com

Direct Dial:           Direct Fax:
(856) 354-3061    (856) 673-7061

FAX (410) 685-1300 AND REGULAR MAIL

Marshall N. Perkins, Esq.
Law Offices of Charles J. Piven, P.A.
The World Trade Center - Baltimore
Suite 2525
401 E. Pratt Street
Baltimore, MD 21202

RE:   Koch, et al. v. John R. Hicks, et al.
      Circuit Court for Harford County
      Case No. 12-C-04-1834

Dear Mr. Perkins:

   Our representation is on behalf of Exxon Mobil Corporation ("ExxonMobil") with regard to the above-referenced matter.

   This letter confirms our telephone conversation of earlier today wherein we confirmed the due date of ExxonMobil's responsive pleading. It is my understanding that ExxonMobil was served with plaintiffs' Complaint on or about July 1, 2004. Based upon our telephone conversation, ExxonMobil's responsive pleading, i.e. answer or motion, will be due on or before August 30, 2004. Sixty (60) days from July 1 is August 29, which is a Sunday.

   Further, you indicated that by Court Rule or other law, ExxonMobil's discovery responses are due 15 days after the date that ExxonMobil files a responsive pleading. Assuming that is correct, and subject to confirmation of this by ExxonMobil's Maryland counsel who has yet to be retained, ExxonMobil's responses to Plaintiff's discovery are due on September 14, 2004.

DEFENDANT EXXON MOBIL
CORPORATION'S PRELIMINARY
RESPONSE TO CLASS CERTIFICATION
AND REQUEST FOR SCHEDULING
CONFERENCE – EXHIBIT 1

Aug-03-04 02:30pm From-Archer & Gre +856 428 4386 T-102 P.003/003 F-486

Marshall N. Perkins, Esq.
July 23, 2004
Page 2

Please contact me if you disagree with the information set forth above. Otherwise, ExxonMobil will assume that you are in agreement. Also, you indicated that the above-referenced deadlines would apply for defendant John R. Hicks, as well.

Thank you.

Sincerely,

*[signature]*

MARC A. ROLLO

MAR/lrh



# HODES, ULMAN, PESSIN & KATZ, P.A.

901 Dulaney Valley Road | Suite 400 | Towson, MD 21204
phone 410.938.8800 | fax 410.938.8806 | www.hupk.com

Susan M. Euteneuer
Direct Dial: (410) 769-6149
Facsimile: (410) 825-2493
seuteneuer@hupk.com

August 16, 2004

Marshall N. Perkins, Esq.
Law Offices of Charles J. Piven, P.A.
The World Trade Center – Baltimore
Suite 2525
401 East Pratt Street
Baltimore, Maryland 21202

      Re:   *Koch v. Hicks, et al.*, In the Circuit Court for Harford County, Maryland,
             Case No. 12-C-04-1834

            Confirmation of Extensions of Time for Filing Responsive Pleadings

Dear Mr. Perkins:

    This letter is to confirm your conversation Friday with Michael Leaf about this case. Thank you for agreeing on behalf of the Plaintiffs to an extension of time for both Defendants (Hicks and ExxonMobil) to file their responsive pleadings until Thursday, September 10, 2004.

Sincerely,

Susan M. Euteneuer

cc:   Clerk of Court for Harford County, Maryland
       Paul Ishak, Esq.
       Marc Rollo, Esq.

DEFENDANT EXXON MOBIL CORPORATION'S PRELIMINARY RESPONSE TO CLASS CERTIFICATION AND REQUEST FOR SCHEDULING CONFERENCE – EXHIBIT 2

*Big firm talent, small firm appeal.*

TOWSON     COLUMBIA     BEL AIR     CAMBRIDGE     BETHESDA



# HODES, ULMAN, PESSIN & KATZ, P.A.

901 Dulaney Valley Road | Suite 400 | Towson, MD 21204
phone 410.938.8800 | fax 410.938.8806 | www.hupk.com

Susan M. Euteneuer
Direct Dial: (410) 769-6149
Facsimile: (410) 825-2493
seuteneuer@hupk.com

August 18, 2004

**VIA FACSIMILE and U.S. MAIL**

Marshall N. Perkins, Esq.
Law Offices of Charles J. Piven, P.A.
The World Trade Center – Baltimore
Suite 2525
401 East Pratt Street
Baltimore, Maryland 21202

Re:   *Koch v. Hicks, et al.*, In the Circuit Court for Harford County, Maryland, Case No. 12-C-04-1834

Request for Extension of Time to Respond to Motion for Class Certification

Dear Mr. Perkins:

As we discussed, ExxonMobil is asking for an extension of time to respond to the Motion for Class Certification. This firm was just recently retained and is requesting additional time to respond.

You have already agreed to a small extension of time until September 10, 2004 for ExxonMobil to file a responsive pleading to the lawsuit, and also an extension for co-defendant Mr. Hicks to file his responsive pleading on or before September 10, 2004 as well (so that all are due at the same time). Thank you.

We also asked you for an extension of time to respond to the Motion for Class Certification until after the court rules on our responsive pleading. The Motion was not served until August, so ExxonMobil's response is not yet due.

It seems to make more sense to wait to address the class issues after the complaint is deemed acceptable to the court. If, for instance, the court were to require you to revise a count, certain class issues may change. Therefore, we suggest that it would make better sense for all involved, including the court, to address any pleadings questions first, and then the Motion for Class Certification second. Alternately, if you would be willing to extend the time to respond to the Motion at least until September 10, 2004, we would appreciate it, and the court likely will as well.

DEFENDANT EXXON MOBIL
CORPORATION'S PRELIMINARY
RESPONSE TO CLASS CERTIFICATION
AND REQUEST FOR SCHEDULING
CONFERENCE – EXHIBIT 3

*Big firm talent, small firm appeal.*

TOWSON    COLUMBIA    BEL AIR    CAMBRIDGE    BETHESDA

Marshall N. Perkins, Esq.
August 18, 2004
Page 2

    I understand that you will be out of the office on vacation, so I have copied your co-counsel per your suggestion. I ask that someone please respond to this request as soon as possible.

Sincerely,

Susan M. Euteneuer

cc:    Charles Piven, Esq.
        Lon Engel, Esq.
        Paul Ishak, Esq.
        Marc Rollo, Esq.