**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**(Northern Division)**

| | | |
|---|---|---|
| HOPE KOCH, *et al.*, | * | |
| Plaintiffs, | * | Case No. MJG-04-CV-3345 |
| —*versus*— | * | |
| JOHN R. HICKS, *et al.*, | * | **JURY TRIAL DEMANDED** |
| Defendants. | * | |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## PLAINTIFFS' REPLY— EXXONMOBIL'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTIONS TO REMAND

Plaintiffs, by and through undersigned counsel, file this reply in response to Defendant ExxonMobil Corporation's Memorandum In Opposition To Plaintiffs' Motions To Remand, as follows:

ExxonMobil has filed a consolidated remand opposition memorandum in response to both *Koch* Plaintiffs' first and second motions to remand the above-captioned action.

In the first instance, as discussed in greater detail, *infra*, this Court need go no farther than Defendants' failure to include the state-court Hicks' Writ Of Summons (*i.e.*, process served) with the Notice Of Removal. In violation of 28 U.S.C. § 1446(a), this jurisdictional defect is fatal. The Court need go no farther— remand follows as a matter of course. *See*, *infra*, footnote 9 (citing cases).

Secondly, Defendant Hicks has eviscerated ExxonMobil's dubious position in support of removal. On or about November 12, 2004, Defendant Hicks filed with this Court Hick's Response To Kochs' Motion For Remand And Request For Hearing

("Hicks Memorandum").[1]  Paragraphs 3 – 5 (p. 2) of the Hicks Memorandum make clear Hicks' unequivocal position that the previously filed Hicks' Motion To Dismiss/Summary Judgment was based upon, *inter alia*, allegations in *Koch* Plaintiffs' initial pleading that implicated this Court's federal question jurisdiction.[2]   But ExxonMobil's dubious position for removal rests upon the untenable reed that the *Koch* action was not immediately removable when filed yet became so upon consolidation. Paragraphs of 3 – 5 of the Hicks Memorandum sever that reed, by making clear that Hicks' position is that the initial *Koch* pleading was removable upon being filed.  As Hicks' concurrence is necessary to removal,[3] Hicks' judicial admission that the *Koch* pleading was removable upon filing in the Harford Circuit Court conclusively establishes that the 30-day limitation stated in 28 U.S.C. § 1446(b) expired.[4]

Another necessary predicate of ExxonMobil's removal position (that fails) is that the Harford court's consolidation created a single action.  From an *objective* perspective, there is no support plainly establishing that proposition under Maryland law.  Indeed, as discussed in Plaintiffs' initial remand memorandum, Maryland law is to the contrary. Even if ExxonMobil were to establish doubt on the point, doubt would compel remand.

To the extent a *subjective* framework is appropriate[5]— *i.e.*, what the State court intended— ExxonMobil loses applying this standard, as well.  First, ExxonMobil has

---

[1]  A courtesy copy of the Hicks' Memorandum is attached hereto as Exhibit A.

[2]  *See* Exhibit A (*Hicks' Memorandum*, at 2 (¶ 4) ("In his Motion, Hicks argued that the storage of gasoline was regulated by . . . Federal law.")).

[3]  *Chaghervand v. Carefirst*, 909 F.Supp. 304, 308-09 (D. Md. 1995).

[4]  Moreover, footnote 5 (p. 7) of ExxonMobil's remand memorandum effectively concedes that there is no significant distinction between the pleadings filed in *Koch* and *Wagner II*.

[5]  *Cf. Owens-Corning v. Walatka*, 125 Md.App. 313, 340-41, 725 A.2d 579, 592, *cert. denied*, 354 Md. 573, 731 A.2d 971 (1999) ("*Walatka*").  Yet, *Walatka* is off point.  The case does not speak to the position argued for by ExxonMobil— the issue of "creat[ing] 'a single action,'"— but goes only to the intent of the trial court in entering separate judgments.

demonstrated absolutely nothing persuasive with respect to Judge Plitt's intent, *vel non*, to create a single consolidated action.   As the party invoking federal jurisdiction, ExxonMobil has the burden of clear proof on the question.   Second, the only evidence on this point conclusively favors Plaintiffs and remand.   Attached hereto as Exhibit B is an 11/10/04 letter from Judge Plitt in the Harford court proceedings with an accompanying purported Order of dismissal attached.[6]   The language of the Harford court's 11/10/04 Order refers to, ". . . these consolidated cas**es**."   *See* Exhibit B (emphasis added). Nothing could be more clear: "[C]as**es**."   Plural.   Even to the extent the subjective intent of Judge Plitt is relevant, the evidence conclusively establishes that Harford court consolidation did *not* intend to create a single action.

Federal caselaw is instructive, as well.   The opinion of the United States Court of Appeals for the Fifth Circuit in *McKenzie v. United States*, 678 F.2d 571 (5th Cir. 1982), is right on point.   *McKenzie* involved two actions, consolidated by the District Court: one, a suit against the United States brought per the FTCA; the second, a suit against the New Orleans' bus service company ("NOPSI") and the bus driver involved.   One issue for appellate decision was whether the District Court had jurisdiction over the second action.

Holding in favor of remand, the Fifth Circuit reasoned as follows:

> [I]t is contended that consolidation with a pending federal action- McKenzie's companion suit against the United States under the Federal Tort Claims Act- cured any jurisdictional defect.   But consolidation does not cause one civil action to emerge from two; the actions do not lose their separate identity; the parties to one action do not become parties to the other.   *Alfred Dunhill, Inc. v. Republic of Cuba*, 425 U.S. 682, 735, 96 S.Ct. 1854, 1880,

---

[6]   Needless to say, Exhibit B hereto, entered after removal to this Court, is without legal efficacy in the Circuit Court.   *See* 28 U.S.C. § 1446(d).

48 L.Ed.2d 301 (1976) (Marshall, J., dissenting); 9 C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2382, at 255 (1971); 5 MOORE'S FEDERAL PRACTICE P 42.02(3), at 42-27 to 42-29 (2d ed. 1982); *see Johnson v. Manhattan Railway Co.*, 289 U.S. 479, 496-97, 53 S.Ct. 721, 727-28, 77 L.Ed. 1331 (1933). As a consequence, the subsequent consolidation of McKenzie's two lawsuits did not give the district court subject matter jurisdiction to adjudicate his action against NOPSI and Dear. *See Appalachian Power Co. v. Region Properties, Inc.*, 364 F.Supp. 1273, 1277 (W.D.Va.1973); *see also Suburban Trust Co. v. National Bank*, 211 F.Supp. 694, 699 (D.N.J.1962) (by implication). Because no basis existed to support the district court's exercise of subject matter jurisdiction, the judgment against McKenzie in his action against NOPSI and Dear must be vacated and the action remanded to the Louisiana state court.

*McKenzie*, 678 F.2d at 574.

The Eleventh Circuit is in accord on this fundamental principle:

Appellant's argument that the court would be able to exercise pendent jurisdiction over the nonsignatories in this case if the case is consolidated with 83-1737-Civ-Hastings is specious. Consolidation does not result in a merger of suits or parties such that federal jurisdiction in one case can be engrafted upon a case with which it is consolidated. Each suit must have an independent jurisdictional basis. *See Johnson v. Manhattan Ry. Co.*, 289 U.S. 479, 53 S.Ct. 721, 77 L.Ed. 1331 (1933).

*Xaros v. U. S. Fidelity & Guaranty Co.*, 820 F.2d 1176, 1180 n.1 (11th Cir. 1987). *See also International Soc. For Krishna v. Los Angeles*, 611 F.Supp. 315, 319 (C.D. Cal. 1984) ("All the circuits which have considered the question have said that consolidated cases retain their separate identities. *Robinson v. Worthington*, 544 F.Supp. 949 (N.D. Ala. 1982) . . . .").[7]

---

[7] ExxonMobil depends upon the interpretation of a Pennsylvania rule for consolidation to support its argument that consolidation of actions in Maryland results in a single, merged action, and then twists Maryland caselaw to support its specious argument. The first case that ExxonMobil quotes, *Cottman Transmission Systems v. Bence*, 2004 WL 98594 (E.D. Pa. Jan. 15, 2004), is

For reasons stated herein and in Plaintiffs' first remand memorandum, Maryland law, federal law, and the circumstances of the Harford County Circuit Court litigation are clear that the Harford court's consolidation order did *not* create a single action.  From ExxonMobil's perspective, the best case scenario is ambiguity on the point— and that, also, compels remand.[8]

With respect to Plaintiffs' second remand motion— for Defendants' blatant, unexplained failure to comply with LOCAL RULE 103.5.a.— notably, ExxonMobil does not contest or explain the material failure with the rule.  *See also* 28 U.S.C. § 1446(a). The cases cited by ExxonMobil on this ground are not persuasive.  Cases demanding

---

easily distinguishable not only on the law, but also on the facts.  To begin with, removal in *Cottman* was based on diversity of citizenship, pursuant to 28 U.S.C. § 1332(a)(1).  Even more to the point, the *Cottman* plaintiff *initiated* the consolidation at issue.  The court further reasoned that meeting the jurisdictional minimum of $75,000 through the consolidation order made the case removable.  At most, *Cottman* can be said to examine the aggregation of claims between the same plaintiff and the same defendant.  The *Cottman* court's citation of *Keefer v. Keefer*, 741 A.2d 808, 811 (Pa. Super. Ct. 1999), a divorce case, is misplaced.  *Keefer* deals only with the question of appealability in consolidated cases— the issue addressed by *Yarema*, below.

ExxonMobil also asserts that *Yarema v. Exxon Corporation*, 305 Md. 219, 236, 503 A.2d 239, 248 (1986), stands for the proposition that consolidated cases are merged into a single case under Maryland law if the trial court clearly intends this result.  However, the *Yarema* holding is far more limited.  The Court of Appeals stated in *Yarema*, "unless the trial court clearly intends that a joint judgment be entered disposing of all cases simultaneously, consolidated cases are not to be treated as a single action *for purposes of Rule 2-602*; instead, each one of the cases is to be treated as a separate action."  *Id.* at 236, 503 A.2d at 248 (emphasis added).  Maryland Rule 2-602 addresses judgments not disposing of an entire action.  Much like the federal caselaw interpreting F.R.C.P. 42(a) (*see, supra*), *Yarema* addresses only the question of the effect of a Maryland Rule 2-503(a) consolidation on the finality of judgment for appeal purposes.  The case does *not* address the effect of Rule 2-503(a) consolidation in other, relevant contexts.

[8] Additionally, ExxonMobil argues that the September 23rd consolidation order of the Harford County court was "abundantly clear" as to its intention to create a single action.  *See* ExxonMobil's Memorandum in Opposition, at 10.  In support of this argument, ExxonMobil offers the letter counsel for *Koch* Plaintiffs sent to the Harford court seeking clarification of the order's language, "for all future purposes."  If the intent of the court to create a single action is clear, then this letter would have not been sent in the first place.  Moreover, ExxonMobil's reasoning on this point (*i.e.*, Judge Plitt's intent) is unsound; it is elemental that one can *not* validly prove a proposition by disproving its converse.  *Cf. Seamans v. Maaco Auto Painting*, 918 P.2d 1192, 1197 (Idaho 1996) ("We do not find the argument convincing that the deletion of the burden of proof language means that the legislature intended the opposite result . . . .  Had the legislature intended such an allocation of the burden, it could have simply so stated.").

strict compliance with procedural prerequisites— consistent with the broader touchstone that removal jurisdiction is to be strictly construed— are far more persuasive. *See Lorensen v. Jenney Mfg. Co.*, 158 F.Supp. 928, 929 (D. Mass. 1958) (remanding case because, *inter alia*, petition for removal failed to contain a copy of state-court writ as required by removal statute).[9]

Further, Defendants' failure to comply with LOCAL RULE 103.5.a. was a particularly egregious and blatant failure— still not adequately explained or excused by Defendants. Attached hereto as Exhibits C1, C2, and C3, respectively, are Harford court filings that Defendants wrongfully failed to include with their Notice Of Removal. Remand is warranted on this record. *See Kisor v. Collins*, 338 F.Supp.2d 1279, 2004 U.S.Dist.LEXIS 20195, *6 (N.D. Ala. Oct. 1, 2004) ("There probably exists a procedural defect so hypertechnical and so innocuous that it can be overlooked, but this is not it.").

Indeed, 28 U.S.C. § 1446(a) requires, *inter alia*, that all state-court "process . . . served" be filed with the Notice Of Removal. As Defendants failed to file with their Notice Of Removal the state-court Hicks' Writ Of Summons attached as Exhibit 1 to Exhibit C1 hereto, Defendants have failed that statutory requirement. *See also* Exhibit C2 hereto (Exhibit "3" thereof) (same). This jurisdictional requirement and defect can *not* be waived. *See Kisor*, 2004 U.S.Dist.LEXIS 20195 at *5-*7; *see also, supra*, footnote 9.

---

[9]   *See also Alabama v. Kemp*, 952 F.Supp. 722, 723 (N.D. Ala. 1997); *Macri v. M & M Contractors, Inc.*, 897 F.Supp. 381, 384 (N.D. Ind. 1995) (defect in removal grounds for remand in procedural context of case); *Cook v. Robinson*, 612 F.Supp. 187, 190 (E.D. Va. 1985) (removal petition defective because defendants did not file copies of all process served upon them); *California v. Gibson-Rondon Corp.*, 421 F.Supp. 149, 149 (C.D. Cal. 1974) (same— failure to file process, pleadings, and/or orders in state criminal prosecution).

For these reasons, and all reasons previously stated, Plaintiffs' first and/or second remand motions should be granted by the Court.

Respectfully Submitted,

**LAW OFFICES OF CHARLES J. PIVEN, P.A.**


Charles J. Piven (Federal Bar No. 00967)
Marshall N. Perkins (Federal Bar No. 25514)
The World Trade Center-Baltimore
Suite 2525
401 East Pratt Street
Baltimore, Maryland 21202
(410) 332-0030

Lon Engel (Federal Bar No. 02470)
**ENGEL & ENGEL, P.A.**
Suite 200
11 East Lexington Street
Baltimore, Maryland 21202
(410) 727-5095

*Counsel for Plaintiffs & the proposed Class*

23489                                    7

## SUPPORTING AFFIDAVIT OF MARSHALL N. PERKINS

I, Marshall N. Perkins, make oath in due form of law as follows:

1.    I am over 18 years of age and am competent to testify to the matters and facts hereinafter set forth.

2.    The exhibits attached to the accompanying reply are true and genuine copies of that which they purport to be; the underlying Harford Circuit Court papers comprising Exhibit B were served in the *Koch* Action, as indicated.

I DECLARE AND AFFIRM UNDER THE PENALTY OF PERJURY THAT THE MATTERS AND FACTS HEREINABOVE SET FORTH ARE TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE, INFORMATION, AND BELIEF.

Date: November 19, 2004

Marshall N. Perkins

23489

8

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

HOPE KOCH, ET. AL.       *

    Plaintiffs       *

v.       *

JOHN R. HICKS, ET. AL.       *

    Defendants       *       Civil No.: 1:04-cv-03345-MJG

\*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*

**HICKS' RESPONSE TO KOCHS' MOTION FOR REMAND AND
REQUEST FOR HEARING**

John R. Hicks, by Paul W. Ishak, Esquire and Stark and Keenan, P.A., responds to the Motions for Remand filed by Hope Koch, et. al. and states:

1.    Title 28 U.S.C. Section 1441(c) plainly reads that whenever an independent claim involving a Federal question is joined with another non-removable claim, the entire case may be removed to Federal Court.

2.    That is precisely what occurred in this case: the Circuit Court for Harford County <u>sua</u> <u>sponte</u> by Maryland Rule 2-503(a)(1) consolidated the <u>Koch</u> and <u>Wagner</u> cases. The casual observer could easily presume that the Circuit Court for Harford County found on its own initiative that the actions involved common questions of law or fact or a common subject matter.

**EXHIBIT**

A

3.  In his Motion to Dismiss/Summary Judgment filed in the Circuit Court, John R. Hicks ("Hicks") argued that the Koch case was, in reality, a products liability case and that Hicks was entitled to the immunity provided by Maryland law to the seller of a product from a sealed receptacle. See Document No. 25 electronically filed in this matter.

4.  In his Motion, Hicks argued that the storage of gasoline was regulated by State and Federal law.

5.  The Plaintiffs did not deny that allegation.

6.  The Plaintiffs in one breath sought class certification for innumerable persons allegedly injured by MTBE, a chemical compound in gasoline, but in their opposition to Hicks' Motion to Dismiss/Summary Judgment denied that the Koch case involved product liability.

7.  In their Memorandum of Law in Support of Plaintiffs' Motion for Class Certification filed in the Circuit Court for Harford County, the Plaintiffs quoted the case of Mejdrech v. Met-Coil Systems Corp., 319 F.3d. 910 (7th Cir. 2003). See Document No. 5, Attachment No. 1 electronically filed in this matter. To support the class certification, the Plaintiffs wrote that in Mejdrech a Federal Court found that class action treatment was appropriate because whether the Defendant had violated the law and allowed a chemical to leak in the groundwater of the

various claimants was a common question. The <u>Mejdrech</u> Court found

that all the class members were residents of the same state and were

proceeding under the same Federal and State laws.

8.    After quoting that portion of the <u>Mejdrech</u> case, the Plaintiffs wrote the

following sentence, "So too here."

9.    The <u>Koch</u> Plaintiffs further wrote that the issues "presented by this case

include whether [the] Defendants * * * leaked MTBE in violation of

law." The <u>Koch</u> Plaintiffs avoid indicating precisely what laws were

violated, but obviously have not limited the basis of liability they seek

to impose upon the Defendants.

10.   Thus, by their own carefully camouflaged words, the Plaintiffs have

admitted that this potential class action case involves a Federal

question.

11.   No procedural error occurred in the removal of this matter to Federal

Court. All that the Defendants did collectively through two separate

counsel was to provide the Federal Court with all of the documentation

from two separate matters, which the Circuit Court for Harford County

had consolidated <u>sua</u> <u>sponte</u>.

12.   The <u>Koch</u> Complaint in the Circuit Court was filed separately from the

Motion for Class Certification and Memorandum. The Motion for

Class Certification was not addressed by the Circuit Court prior to the

Consolidation Order.

13.   The <u>Koch</u> Plaintiffs' admission that their claims involved Federal law

existed at the time of the valid removal request made by the Defendants

in this matter.  Therefore, this Court has jurisdiction over a matter

involving a Federal question, despite the fact that the <u>Wagner</u> Plaintiffs

have subsequently determined to dismiss their claim.

14.   Retention of this matter in Federal Court provides the parties and the

Court with the opportunity to place this matter in multi-district

litigation already pending in New York.

WHEREFORE, Hicks respectfully requests that the Court DENY the

Plaintiffs' Motion to Remand, GRANT Hicks a hearing on the Motion to Remand,

and GRANT Hicks such further relief as the Court deems appropriate.


__November 12, 2004__
            Date

Paul W. Ishak, Esquire    Bar No. 06018
Stark and Keenan, P.A.
30 Office Street
Bel Air, Maryland  21014
(410) 879-2222/838-5522 (telephone)
(410) 879-0688 (facsimile)
pishak@starkandkeenan.com

Attorneys for John R. Hicks

## REQUEST FOR HEARING

John R. Hicks, Defendant, hereby requests a hearing on Plaintiffs' Motions to Remand and the Responses thereto.

_Paul Ishak_
Paul W. Ishak, Esquire

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of November, 2004, service of the foregoing was sent via first-class mail, postage prepaid to:

Charles J. Piven, Esquire
Marshall N. Perkins, Esquire
Law Offices of Charles J. Piven, P.A.
The World Trade Center
401 East Pratt Street
Suite 2525
Baltimore, Maryland 21202

Attorneys for Koch

Peter G. Angelos, Esquire
Mary V. Koch, Esquire
Thomas C. Summers, Esquire
Patricia Kasputys, Esquire
Scott D. Shellenberger, Esquire
Law Offices of Peter G. Angelos
Suite 2200
100 North Charles Street
Baltimore, Maryland 21201

Attorneys for Wagner, et. al.

Lon Engel, Esquire
Engel & Engel, P.A.
11 East Lexington Street
Suite 200
Baltimore, Maryland 21202

Co-Counsel for Koch

Andrew Gendron, Esquire
Venable, LLP
Two Hopkins Place
Suite 1800
Baltimore, Maryland 21201

Attorneys for Exxon Mobil
Corporation

_Paul Ishak_
Paul W. Ishak, Esquire



**The Circuit Court for Harford County**

20 W. COURTLAND STREET
THIRD JUDICIAL CIRCUIT OF MARYLAND

BEL AIR, MARYLAND 21014

(410) 638-4655
FAX: (410) 638-1595

CHAMBERS OF
EMORY A. PLITT, JR.
JUDGE

Alexis Duncan, Court Clerk
Krista Lansella, Court Stenographer
Richard A. Bechtel, Law Clerk
Debbie Bliss, Judicial Secretary

November 10, 2004

Peter G. Angelos, Esquire
Mary V. Koch, Esquire
Scott D. Shellenberger, Esquire
Thomas C. Summers, Esquire
Patricia J. Kasputys, Esquire
Law Offices of Peter G. Angelos
One Charles Center
100 N. Charles Street
Baltimore, Maryland 21201

Paul W. Ishak, Esquire
Stark & Keenan, P.A.
30 Office Street
Bel Air, Maryland 21014

Michael Leaf, Esquire
Susan M. Euteneuer, Esquire
Hodes, Ulman, Pessin & Katz, P.A.
112 S. Main Street, Suite 102
Bel Air, Maryland 21014

Charles J. Piven, Esquire
Marshall N. Perkins, Esquire
Law Offices of Charles J. Piven, P.A.
The World Trade Center - Baltimore
Suite 2525
401 East Pratt Street
Baltimore, Maryland 21202

Lon C. Engel, Esquire
Engel & Engel, P.A.
11 East Lexington Street
Suite 200
Baltimore, Maryland 21202

Re:    *Hope Koch, et al v. John R. Hicks, et al*
       Case No. 12-C-04-1834
       *Stephen J. Wagner, et al v. John R. Hicks, et al*
       Case No. 12-C-04-2448

Dear Counsel:

In light of the removal of these consolidated cases to Federal Court, I have entered the attached Order.

Very truly yours,

FILED

Emory A. Plitt, Jr. 04 NOV 10 PM 4: 39

EXHIBIT
**B**

EAP:db
Enc.
cc:    Chamber's File
       Archer & Greiner (of counsel)
       Andrew Gendron, Esquire (Venable LLP)

RECEIVED
NOV 15 2004
RECEIVED

HARFORD CIRCUIT CT
HARFORD COUNTY, MD

| | | |
|---|---|---|
| HOPE KOCH | * | IN THE |
| | * | CIRCUIT COURT |
| Plaintiff | * | FOR |
| vs. | * | HARFORD COUNTY |
| JOHN R. HICKS, et al | * | |
| Defendants | * | Case No.  12-C-04-1834 |

*      *      *      *      *      *      *      *      *      *      *

### ORDER

The Defendant, Exxon Mobile Corporation, having removed these consolidated cases to the United States District Court for the District of Maryland pursuant to 28 U.S.C. 1446, it is therefore this __10__ day of November, 2004, **ORDERED** by the Circuit Court for Harford County that these consolidated cases be and the same are hereby dismissed without prejudice.

Dated: ___11\10\04___

_____
Emory A. Plitt, Jr.                     Judge

cc:    Charles J. Piven, Esquire
       Marshall N. Perkins, Esquire
       Law Offices of Charles J. Piven, P.A.
       The World Trade Center, Suite 2525
       401 East Pratt Street
       Baltimore, Maryland 21202

       Lon Engel, Esquire
       Engel & Engel, P.A.
       Suite 200
       11 East Lexington Street
       Baltimore, Maryland 21202

       Peter G. Angelos, Esquire
       Mary V. Koch, Esquire
       Scott D. Shellenberger, Esquire
       Thomas C. Sumemrs, Esquire
       Patricia J. Kasputys, Esquire
       Law Offices of Peter G. Angelos, P.C.
       One Charles Center, 22nd Floor
       100 North Charles Street
       Baltimore, Maryland 21201

       Paul W. Ishak, Esquire
       Stark & Keenan, P.A.
       30 Office Street
       Bel Air, Maryland 21014

FILED

04 NOV 10  PH 4: 39

HARFORD CIRCUIT CT
COUNTY, MD

Michael E. Leaf, Esquire
Hodes, Ulman, Pessin & Katz, P.A.
112 South Main Street, Suite 102
Bel Air, Maryland 21014

Andrew Gendron, Esquire
Venable LLP
Two Hopkins Plaza, Suite 1800
Baltimore, Maryland 21201-2978

Archer & Greiner
A Professional Corporation
One Centennial Square
P.O. Box 3000
Haddonfield, New Jersey 08033-0968

Page 1 of 3

Case 1:05-cv-05345-GAS    Document 4-61    Filed 06/22/05    Page 17 of 33
Case 1:04-cv-03345-MJG    Document 43    Filed 11/16/2004    Page 17 of 35

## Reception

**From:** MDD_CM-ECF_Filing@mdd.uscourts.gov
**Sent:** Monday, November 15, 2004 4:41 PM
**To:** MDDdb_ECF@mdd.uscourts.gov
**Subject:** Activity in Case 1:04-cv-03345-MJG Koch et al v. Hicks et al "Certificate of Counsel"

***NOTE TO PUBLIC ACCESS USERS*** You may view the filed documents once without charge. To avoid later charges, download a copy of each document during this first viewing.

### U.S. District Court

### District of Maryland

Notice of Electronic Filing

The following transaction was received from Gendron, Andrew entered on 11/15/2004 at 4:41 PM EST and filed on 11/15/2004

**Case Name:** Koch et al v. Hicks et al
**Case Number:** 1:04-cv-3345
**Filer:** Exxonmobil Oil Corporation
**Document Number:** 39

**Docket Text:**
CERTIFICATE of Counsel *Filing of State Court Papers* by Andrew Gendron on behalf of Exxonmobil Oil Corporation (Attachments: # (1) # (2) # (3) # (4) # (5) # (6) # (7) # (8))(Gendron, Andrew)

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1046883720 [Date=11/15/2004] [FileNumber=616654-0
] [9e41d30a21c058d0db35c22e628e76777af12143fc44acfd96a3ba92a42802bf518
83a1646bdefef0a91d4e488dd07603be9727cba412fe6d000c31a909db30c]]
**Document description:**
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1046883720 [Date=11/15/2004] [FileNumber=616654-1
] [0615d387118cfaf3f2610011d35c7b4cb677c91b62c2cd956645534e005b35b08c1
338152d9149ccd25277aaaabdc27e1d5db03fa32c6762d93c9ba82d5e3cc3]]
**Document description:**
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1046883720 [Date=11/15/2004] [FileNumber=616654-2
] [1c7c9faff01df39b860e935d3b4dd22282f639c690189a46438714a1f432ee10dea
42a46b5bcfb6a7f92e3bd28795804c92d90fc706a45ba599d1e28f537a887]]
**Document description:**



11/16/2004

**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1046883720 [Date=11/15/2004] [FileNumber=616654-3
] [34d69f36876f30dfe36727f30e658cb52806780e1774db1e9dcbf9f0dd59330ee21
e71c7d8ed3af700868cfc0ca73bfdcf4bf16b9b09416fc40928e129341ca6]]
**Document description:**
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1046883720 [Date=11/15/2004] [FileNumber=616654-4
] [7349afef3a44913b3d9212fd5fb375f0642e4d1cc1026063e7c496c545019db73df
4629327fc71606d877e7096009829ed3a677d4c53c7d70f9d3c14b53fd29c]]
**Document description:**
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1046883720 [Date=11/15/2004] [FileNumber=616654-5
] [8e170c6c23c603853c70b5ab4e4bf076b80fe8e7ba2b2ce978d4d1c8a61db2460f7
0a4fa69a14c896310a1e53625edce2f72277fca081fb0d8bdb21c37b30e38]]
**Document description:**
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1046883720 [Date=11/15/2004] [FileNumber=616654-6
] [6520d809e7c6b118a38d7588a95ff7e7b20d745099da3c1e871c22c309574435aa8
ef46240b5498c875d1af28aa1fd7b4409122a362b3d90944d5a6bbe9334b3]]
**Document description:**
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1046883720 [Date=11/15/2004] [FileNumber=616654-7
] [6ffe07d11b03ceb2b11355fa8eaf86d7074e8655f9c0b27a2ceb7c746bef95d04df
9ab91ca543ded3efc92c14b1140a4cbc3e6bde618340d9856438b801257df]]
**Document description:**
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1046883720 [Date=11/15/2004] [FileNumber=616654-8
] [22361f07c29a4afabbd5a51e3921e03494061bb9f6859c84531c14a6012b6b210dd
8ccc468fe663bb0ee2f89fdf5181515c89a561ee055832cc94c03412ead94]]

**1:04-cv-3345 Notice will be electronically mailed to:**

Lon C Engel    lengel@engellaw.com

Susan Mae Euteneuer    seuteneuer@hupk.com

Andrew Gendron    agendron@venable.com, rpappas@venable.com

Paul W Ishak    pishak@starkandkeenan.com, ahanna@starkandkeenan.com

Marshall N Perkins    perkins@pivenlaw.com, hill@pivenlaw.com

Charles J Piven    piven@pivenlaw.com, pseidman@milberg.com;sschulman@milberg.com

**1:04-cv-3345 Notice will not be electronically mailed to:**

11/16/2004

Case 1:04-cv-05345-MJG    Document 43    Filed 11/16/2004    Page 19 of 65

Michael E Leaf
Hodes Ulman Pessin and Katz PA
112 S Main St Ste 102
Bel Air, MD 21014

11/16/2004

Document Selection Menu

## Multiple Documents

Select the document you wish to view.

| Part | Description | |
|------|-------------|--------|
| 1 | Main Document | 1 page |
| 2 | | 1 page |
| 3 | | 1 page |
| 4 | | 1 page |
| 5 | | 2 pages |
| 6 | | 2 pages |
| 7 | | 2 pages |
| 8 | | 1 page |
| 9 | | 15 pages |

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Northern Division

HOPE KOCH, et al.,

                    Plaintiffs,

    vs.                           Civil Action No.: 1:04-cv-03345-MJG

JOHN R. HICKS, et al.,

                    Defendants.

## CERTIFICATION OF FILING OF STATE COURT PAPERS

Exxon Mobil Corporation, a Defendant, by its undersigned counsel, and pursuant to Local Rule

103.5.a, hereby certifies that, with the papers attached hereto as Exhibits 1 through 8, all documents on

file under Case Number 12-C-04-001834 in the Circuit Court for Harford County, Maryland, as of

today, November 15, 2004, have now been filed herein.

                            Respectfully submitted,

                            /s/
                            Andrew Gendron (# 05111) (agendron@venable.com)
                            VENABLE LLP
                            Two Hopkins Plaza, Suite 1800
                            Baltimore, Maryland 21201-2978
                            Tel.:   410-244-7439
                            Fax:   410-244-7742

                            *Attorney for Defendant Exxon Mobil Corporation*

Of counsel:
ARCHER & GREINER
A Professional Corporation
One Centennial Square
P.O. Box 3000
Haddonfield, NJ 08033-0968
(856) 795-2121

CIRCUIT COURT FOR HARFORD COUNTY
James Reilly
Clerk of the Circuit Court
Courthouse
20 West Courtland Street
Bel Air, MD 21014
(410)-879-2000, TTY for Deaf: (410)-638-4926
MD Toll Free-1-(800)989-8296

**W R I T   O F   S U M M O N S**

Case Number: 12-C-04-001834 O1

C I V I L

Hope Koch vs John R Hicks, et al
STATE OF MARYLAND, HARFORD COUNTY, TO WIT:

    To: John R Hicks
Serve On: John R Hicks
       1040 Alexandria Way
       Bel Air, MD 21014
(DBA)  Crossroads Exxon
You are hereby summoned to file a written response by pleading or motion, within   30 days
after service of this summons upon you, in this Court, to the attached Complaint filed by:

      Hope Koch

WITNESS the Honorable Chief Judge of the Third Judicial Circuit
Maryland.

Date Issued: 06/30/04

James Reilly
Clerk of the Circuit Court

TO THE PERSON SUMMONED:
1.  PERSONAL ATTENDANCE IN COURT ON THE DAY NAMED IS NOT REQUIRED.
2.  FAILURE TO FILE A RESPONSE WITHIN THE TIME ALLOTTED MAY RESULT IN A
    JUDGMENT BY DEFAULT TO THE GRANTING OF THE RELIEF SOUGHT AGAINST YOU.

* * * * S H E R I F F ' S   R E T U R N * * * *
Case Number: 12-C-04-001834
Hope Koch vs John R Hicks, et al

Sheriff fee:_____  By:_____
Served:_____
Time:_____  Date:_____
Unserved (Reason):_____
Instructions to Private Process:
1. This summons is effective for service if served within 60 days after the date it is issued.
2. Proof of service shall set out the name of the person served, date and
   the particular place and manner of service. If service is not made, please state the reasons
3. Return of served or unserved process shall be made promptly and in accordance with Rule 2-126
4. If this summons is served by private process, process server shall file a separate affidavit
   required by Rule 2-126(a).

# 3000 21

**EXHIBIT**

1

# LAW OFFICES OF CHARLES J. PIVEN, P.A.

## THE WORLD TRADE CENTER ◊ BALTIMORE

CHARLES J. PIVEN
Email piven@pivenlaw.com

MARSHALL N. PERKINS
Email perkins@pivenlaw.com

SUITE 2525
401 EAST PRATT STREET
BALTIMORE, MARYLAND 21202

Telephone (410) 332-0030
Facsimile (410) 685-1300

July 2, 2004

Clerk
Circuit Court for Harford County
**Attn: Ms. Laura Rizzuto**
20 W. Courtland Street
Bel Air, Maryland 21014

     Re:   *Hope Koch, et al. v. John R. Hicks, et al.*
          Case No.: 12-C-04-1834

Dear Ms. Rizzuto:

    We would like to obtain two Summonses issued to Defendant John R. Hicks. I have provided a self-addressed, stamped envelope for your convenience.

    Thank you for your courteous assistance. If you have any questions, please call me.

Very truly yours,

Marshall N. Perkins

MNP/hrh
Enclosures

FILED

2004 JUL -6 P 1: 21

CLERK OF
HARFORD COUNTY

EXHIBIT
2

23118

Sent By: STARR AND KEENAN P.A.;

# CIRCUIT COURT FOR HARFORD COUNTY
## James Reilly
### Clerk of the Circuit Court
Courthouse
20 West Courtland Street
Bel Air, MD 21014
(410)-879-2000, TTY for Deaf: (410)-638-4926
MD Toll Free-1-(800)989-8296

**W R I T   O F   S U M M O N S**                    Case Number: 12-C-04-001834 OT

C I V I L

Hope Koch, Et Al Vs John R Hicks, Et Al
STATE OF MARYLAND, HARFORD COUNTY, TO WIT:

       To: John R Hicks
Serve On: John R Hicks
          1040 Alexandria Way
          Bel Air, MD 21014

(DBA) Crossroads Exxon
You are hereby summoned to file a written response by pleading or motion, within   30 days
after service of this summons upon you, in this Court, to the attached Complaint filed by:

     Hope Koch

    WITNESS the Honorable Chief Judge of the Third Ju___ C___
Maryland.

   Date Issued: 07/08/04

                  James Reilly
                  Clerk of the Circuit Court

TO THE PERSON SUMMONED:
  1.  PERSONAL ATTENDANCE IN COURT ON THE DAY NAMED IS NOT REQUIRED.
  2.  FAILURE TO FILE A RESPONSE WITHIN THE TIME ALLOTTED MAY RESULT IN A
      JUDGMENT BY DEFAULT TO THE GRANTING OF THE RELIEF SOUGHT AGAINST YOU.

          * * * * S H E R I F F' S   R E T U R N * * * *
                    Case Number: 12-C-04-001834
                    Hope Koch, Et Al Vs John R Hicks, Et Al

Sheriff fee: _____    By: _____
Served: _____
Time: _____    Date: _____
Unserved (Reason): _____
Instructions to Private Process/Certified Mail:
1.  This summons is effective for service if served within 60 days after the date it is issued.
2.  Proof of service shall set out the name of the person served, date and
    the particular place and manner of service. If service is not made, please state the reasons.
3.  Return of served or unserved process shall be made promptly and in accordance with Rule 2-126
4.  If this summons is served by private process, process server shall file a separate affidavit
    required by Rule 2-126(a).

**EXHIBIT**

3



# HODES, ULMAN, PESSIN & KATZ, P.A.

112 South Main Street  |  Suite 102  |  Bel Air, MD 21014
phone 410.838.2333  |  fax 410.893.0795  |  www.hupk.com

**Michael E. Leaf**
**(410) 893-2333 (Baltimore Line)**
meleaf@hupk.com

September 21, 2004

The Honorable Emory Plitt, Jr.
Circuit Court for Harford County
20 West Courtland Street
Bel Air, MD  21014

   Re:  Hope Koch and Frank Koch v. Exxon Mobil Corporation
      In the Circuit Court for Harford County, Maryland
      Case No. 12-C-04-001834-CT
      Exxon Mobil Docket No. 2004-002013
      Our File No. 20644.00

Dear Judge Plitt:

   Please accept the attached as a revised submittal in response to plaintiff's September 14, 2004 letter to be substituted for the version in the Court's file. The revised version deletes the word "only" in the first sentence of the third paragraph of our previously submitted letter.

   Plaintiff also seeks to certify a property damage sub-class in addition to its medical monitoring class. Again we question how the Kochs can represent such a class absent any significant MTBE detection in their well. The water in their well meets Maryland standards and is potable, thus we question how this plaintiff is representative of other residents alleging property damage(s). This revision in no way obviates the need to conduct a conference nor does it alter ExxonMobil's position that plaintiff's Motion for Class Certification is not yet ripe until its Motion to Dismiss is decided, class discovery completed, a full response filed and a hearing conducted before this Court.

   ExxonMobil takes no exception to the involvement of counsel in the *Wagner II* case in any conference before this Court, as requested in Mr. Angelos' letter of September 20, 2004.

         Sincerely yours,

         *Michael E. Leaf*
         by JD

         Michael E. Leaf

4010921B

Enclosure

> **EXHIBIT**
> **4**

TOWSON  COLUMBIA  BEL AIR  CAMBRIDGE  BETHESDA  HAVRE DE GRACE

HODES, ULMAN, PESSIN & KATZ, P.A.

The Honorable Emory Plitt, Jr.
September 21, 2004
Page 2


cc:   Charles J. Piven, Esquire VIA E-MAIL TO piven@pivenlaw.com
      Marshall N. Perkins, Esquire VIA E-MAIL TO perkins@pivenlaw.com
      Lon Engel, Esquire VIA E-MAIL TO lengel@engellaw.com
      Paul W. Ishak, Esquire VIA E-MAIL TO pishak@starkandkeenan.com
      William J. Stack, Esquire VIA E-MAIL TO wstack@tmo.blackberry.net
      Jamie Slimm, Esquire VIA E-MAIL TO jslimm@archerlaw.com
      Susan Euteneuer, Esquire VIA E-MAIL TO seuteneuer@hupk.com



# HODES, ULMAN, PESSIN & KATZ, P.A.

112 South Main Street  |  Suite 102  |  Bel Air, MD 21014
phone 410.838.2333  |  fax 410.893.0795  |  www.hupk.com

**Michael E. Leaf**
**(410) 893-2333 (Baltimore Line)**
meleaf@hupk.com

September 21, 2004

The Honorable Emory Plitt, Jr.
Circuit Court for Harford County
20 West Courtland Street
Bel Air, MD 21014

Re:    Hope Koch and Frank Koch v. Exxon Mobil Corporation
       In the Circuit Court for Harford County, Maryland
       Case No. 12-C-04-001834-CT
       Exxon Mobil Docket No. 2004-002013
       Our File No. 20644.00

Dear Judge Plitt:

   This is in response to the September 14, 2004 letter of plaintiffs' counsel which we believe contains a number of incorrect statements and conclusions. All parties agree that a conference with the Court would assist in sorting out the issues raised and setting a schedule to resolve pending matters in a logical and efficient manner. To that end, we would again request a conference with the Court.

   The Maryland Rules provide that a motion for class certification be decided "as soon as practical." Md. Rule 2-231(f). That is precisely why counsel for ExxonMobil responded by requesting a conference before the Court.

   Plaintiffs here seek to certify a class on their count for medical monitoring. Maryland law does not recognize medical monitoring as a cause of action. The class representatives, the Kochs, do not have detections of MTBE in their well above any recognized health standards. Thus, ExxonMobil moved to dismiss this count and sought a conference since it was not "practical" to respond to a motion to clarify a class based on a cause of action not recognized in this Court for class representatives with no actionable levels on MTBE in their well.

   Discovery before class certification proceedings is commonplace. *See* Alba Conte & Herbert Newberg, *Newberg on Class Actions* (Fourth Ed., 2002). That is especially true in circumstances like those presented here, where the two (2) class representatives of a bodily injury class have apparently never been exposed to actionable levels of MTBE. Thus, discovery is appropriate here to determine if the Kochs, who have apparently not been exposed to MTBE, can "represent" a class of people who may have been exposed to actionable levels in their wells.

EXHIBIT
5

TOWSON    COLUMBIA    BEL AIR    CAMBRIDGE    BETHESDA    HAVRE DE GRACE

HODES, ULMAN, PESSIN & KATZ, P.A.

The Honorable Emory Plitt, Jr.
September 21, 2004
Page 2

Counsel for ExxonMobil also felt compelled to notify the Court of the filing of the Wagner II complaint. The Wagner II complaint was filed in this Court but, has not yet been served on defendants. Irrespective of whether it remains in State Court or is removed to Federal Court, your Honor should be aware of this competing, overlapping class which may effect how this Court manages the Koch case.

The Motion for Class Certification is not yet ripe. Maryland Rule 2-231(c) states, "A hearing **shall** be granted if requested by **any** party" (emphasis added). If the rules require that a hearing be held if requested and one party requests a hearing, then the other parties may rely on that request and a hearing must be held. Md. Rule 2-311(f). *See also, Bond v. Slavin*, 157 Md. App. 340, 354-55, 851, A.2d 598, 606-7 (2004). The Kochs' Motion for Class Certification contains an express request for hearing. Therefore, contrary to the Kochs' efforts to rush along through this process, a hearing on the Motion for Class Certification must be held prior to any ruling on that motion. ExxonMobil submits that even prior to that hearing and ruling on the class questions, the pleadings themselves should be settled and some discovery should be afforded concerning the threshold class issues.

For the foregoing reasons, and as set forth previously, ExxonMobil respectfully requests that this Honorable Court set in a scheduling conference to decide how and in what manner to address the pending matters, and also to consider the discovery necessary prior to a hearing on the Kochs' Motion for Class Certification.

Respectfully submitted,

Michael E. Leaf
by SD

Michael E. Leaf

4010921A

cc:   Charles J. Piven, Esquire VIA E-MAIL TO piven@pivenlaw.com
      Marshall N. Perkins, Esquire VIA E-MAIL TO perkins@pivenlaw.com
      Lon Engel, Esquire VIA E-MAIL TO lengel@engellaw.com
      Paul W. Ishak, Esquire VIA E-MAIL TO pishak@starkandkeenan.com
      William J. Stack, Esquire VIA E-MAIL TO wstack@tmo.blackberry.net
      Jamie Slimm, Esquire VIA E-MAIL TO jslimm@archerlaw.com
      Susan Euteneuer, Esquire VIA E-MAIL TO seuteneuer@hupk.com



## HODES, ULMAN, PESSIN & KATZ, P.A.

112 South Main Street | Suite 102 | Bel Air, MD 21014
phone 410.838.2333 | fax 410.893.0795 | www.hupk.com

**Michael E. Leaf**
**(410) 893-2333 (Baltimore Line)**
meleaf@hupk.com

September 20, 2004

The Honorable Emory Plitt, Jr.
Circuit Court for Harford County
20 West Courtland Street
Bel Air, MD 21014

Re:   Hope Koch and Frank Koch v. Exxon Mobil Corporation
      In the Circuit Court for Harford County, Maryland
      Case No. 12-C-04-001834-CT
      Exxon Mobil Docket No. 2004-002013
      Our File No. 20644.00

Dear Judge Plitt:

This is in response to the September 14, 2004 letter of plaintiffs' counsel which we believe contains a number of incorrect statements and conclusions. All parties agree that a conference with the Court would assist in sorting out the issues raised and setting a schedule to resolve pending matters in a logical and efficient manner. To that end, we would again request a conference with the Court.

The Maryland Rules provide that a motion for class certification be decided "as soon as practical." Md. Rule 2-231(f). That is precisely why counsel for ExxonMobil responded by requesting a conference before the Court

Plaintiffs here seek <u>only</u> to certify a class on their count for medical monitoring. Maryland law does <u>not</u> recognize medical monitoring as a cause of action. The class representatives, the Kochs, do not have detections of MTBE in their well above any recognized health standards. Thus, ExxonMobil moved to dismiss this count and sought a conference since it was not "practical" to respond to a motion to certify a class based on a cause of action <u>not</u> recognized in this Court for class representatives with no actionable levels on MTBE in their well.

Discovery before class certification proceedings is commonplace. *See* Alba Conte & Herbert Newberg, *Newberg on Class Actions* (Fourth Ed., 2002). That is especially true in circumstances like those presented here, where the two (2) class representatives of a bodily injury class have apparently never been exposed to actionable levels of MTBE. Thus, discovery is appropriate here to determine if the Kochs, who have apparently not been exposed to MTBE, can "represent" a class of people who may have been exposed to actionable levels in their wells.

TOWSON    COLUMBIA    BEL AIR    CAMBRIDGE    BETHESDA    HAVRE

EXHIBIT
6

HODES, ULMAN, PESSIN & KATZ, P.A.

The Honorable Emory Plitt, Jr.
September 20, 2004
Page 2

Counsel for ExxonMobil also felt compelled to notify the Court of the filing of the Wagner II complaint. The Wagner II complaint was filed in this Court but, has not yet been served on defendants. Irrespective of whether it remains in State Court or is removed to Federal Court, your Honor should be aware of this competing, overlapping class which may effect how this Court manages the Koch case.

The Motion for Class Certification is not yet ripe. Maryland Rule 2-231(c) states, "A hearing **shall** be granted if requested by **any** party" (emphasis added). If the rules require that a hearing be held if requested and one party requests a hearing, then the other parties may rely on that request and a hearing must be held. Md. Rule 2-311(f). *See also, Bond v. Slavin*, 157 Md. App. 340, 354-55, 851, A.2d 598, 606-7 (2004). The Kochs' Motion for Class Certification contains an express request for hearing. Therefore, contrary to the Kochs' efforts to rush along through this process, a hearing on the Motion for Class Certification must be held prior to any ruling on that motion. ExxonMobil submits that even prior to that hearing and ruling on the class questions, the pleadings themselves should be settled and some discovery should be afforded concerning the threshold class issues.

For the foregoing reasons, and as set forth previously, ExxonMobil respectfully requests that this Honorable Court set in a scheduling conference to decide how and in what manner to address the pending matters, and also to consider the discovery necessary prior to a hearing on the Kochs' Motion for Class Certification.

Respectfully submitted,

Michael E. Leaf

Michael E. Leaf

cc:    Charles J. Piven, Esquire VIA E-MAIL TO piven@pivenlaw.com
       Marshall N. Perkins, Esquire VIA E-MAIL TO perkins@pivenlaw.com
       Lon Engel, Esquire VIA E-MAIL TO lengel@engellaw.com
       Paul W. Ishak, Esquire VIA E-MAIL TO pishak@starkandkeenan.com
       William J. Stack, Esquire VIA E-MAIL TO wstack@tmo.blackberry.net
       Jamie Slimm, Esquire VIA E-MAIL TO jslimm@archerlaw.com
       Susan Euteneuer, Esquire VIA E-MAIL TO seuteneuer@hupk.com



# HODES, ULMAN, PESSIN & KATZ, P.A.
112 South Main Street  |  Suite 102  |  Bel Air, MD 21014
phone 410.838.2333  |  fax 410.893.0795  |  www.hupk.com

**Michael E. Leaf**
**(410) 893-2333 (Baltimore Line)**
meleaf@hupk.com

September 23, 2004

Peter G. Angelos, Esquire
Mary V. Koch, Esquire
Offices of Peter Angelos
100 N. Charles St., 22nd floor
Baltimore, MD 21201

Re:    In the Circuit Court for Harford County, Maryland
Exxon Mobil Corporation at/s Koch
Case No. 12-C-04-001834-CT
Exxon Mobil Corporation at/s Wagner
Case No. 12-C-04-2448
Exxon Mobil Docket No. 2004-002013
Our File No. 20644.00

Dear Mr. Angelos and Ms. Koch:

Exxon Mobil Corporation has no objection to your participation in any conferences regarding the above referenced cases.

Sincerely,

Michael E. Leaf

4010922H

cc:    The Honorable Emory Plitt, Jr.
Charles J. Piven, Esquire
Marshall N. Perkins, Esquire
Lon Engel, Esquire
Paul W. Ishak, Esquire
William J. Stack, Esquire
Jamie Slimm, Esquire
Susan Euteneuer, Esquire

**EXHIBIT**
**1**

TOWSON    COLUMBIA    BEL AIR    CAMBRIDGE    BETHESDA    HAV

'01;45;3;09/09/04
4010908A;20644.00

| | | |
|---|---|---|
| HOPE KOCH and<br>FRANK KOCH | * | IN THE |
| | * | CIRCUIT COURT |
| Plaintiffs,<br>v. | * | FOR |
| JOHN R. HICKS<br>(d/b/a Crossroads Exxon) | * | HARFORD COUNTY |
| | * | Case No.: 12-C-04-1834 |
| and | * | |
| EXXONMOBIL OIL COMPANY | * | |
| Defendants. | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## DEFENDANT EXXON MOBIL CORPORATION'S PRELIMINARY RESPONSE TO CLASS CERTIFICATION AND REQUEST FOR SCHEDULING CONFERENCE

Defendant, Exxon Mobil Corporation ("ExxonMobil") requests this Court set a scheduling conference as soon as practicable to address several matters in this case and coordinate scheduling this matter with the recently filed Wagner II case.[1] Both are complex putative class actions which seek to represent virtually the same people asserting essentially the same claims. The classes sought in these cases are clearly overlapping. Scheduling the requested hearing is essential to conserve judicial resources, promote judicial economy and efficiency and avoid duplicative filings with this Court. The undersigned counsel for ExxonMobil has previously requested an extension from plaintiffs' counsel advising that we will file motions to dismiss which are likely to affect the requested classes. Specifically, the undersigned counsel requested plaintiffs defer our response to their Motion for Class Certification as wasteful and potentially unnecessary at this time. Counsel for Koch rejected this

FILED

04 SEP -9  PM 2: 22

CLERK CIRCUIT CT
HARFORD COUNTY, MD

1

EXHIBIT

8

01;45;3;09/09/04
4010908A;20644.00

appeal insisting that defendants respond to their Motion for Class Certification at the same time defendants' move to dismiss on the pleadings.

The need for a scheduling conference is even more compelling now that there is a competing class action which was filed in this Court on September 1, 2004. Absent a scheduling conference, this Court may be required to consider similar or identical motions in two different lawsuits at different times. Moreover, if a scheduling conference is not conducted in the near future, these overlapping, virtually identical class actions will proceed concurrently on two different timetables. This would result in a doubling of the burden on the Court for what is essentially the same suit filed in two cases.

For these reasons, and as set forth more fully below, ExxonMobil, by and through its undersigned counsel, hereby respectfully requests that this Honorable Court set a scheduling conference to address several preliminary matters in this case, grant ExxonMobil leave to conduct limited discovery on class issues, and grant ExxonMobil additional time to respond to Plaintiffs' Motion for Class Certification.

## I.   PROCEDURAL AND FACTUAL BACKGROUND

### A.   Koch Plaintiffs' Class Action Suit

The procedural history of the Koch case alone illustrates the need for Court intervention now. Plaintiffs Hope and Frank Koch, by their attorneys Charles J. Piven, Marshall N. Perkins, and Lon Engel, filed this putative class action suit, demanding unspecified damages and equitable relief (the "Koch Complaint") on June 30, 2004. ExxonMobil's registered agent was served on June 30, 2004. On July 23, 2004, counsel for ExxonMobil, Marc Rollo, phoned

---

[1]    On September 1, 2004, a competing class action, *Wagner, et al. v. Hicks and Exxon Mobil Corporation*, Case No 12-C-04-2448, (Wagner II) was filed with this Court.

2