IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Northern Division

| | |
|---|---|
| HOPE KOCH, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> JOHN R. HICKS, et al., <br><br> Defendants. | Civil Action No.: 1:04-cv-03345-MJG <br><br> **HEARING REQUESTED** |

**REPLY IN SUPPORT OF MOTION TO VACATE
ASSIGNMENT OF MULTIPLE CASE NUMBERS**

Exxon Mobil Corporation (hereinafter "ExxonMobil"), a Defendant, by its undersigned counsel, submits the following reply to the Plaintiffs' Opposition (Paper No. 37)[1] to its Motion to Vacate Assignment of Multiple Case Numbers (Paper No. 23):

1. Since the filing of the instant motion, the *Wagner* Plaintiffs filed a notice of dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1). *See Wagner v. Hicks*, Case No. 1:04-cv-03373-MJG ("*Wagner II*"), Paper No. 22. That filing, being the *Wagner* Plaintiffs' second notice of dismissal, "operate[d] as an adjudication upon the merits" of their claims. Fed. R. Civ. P. 41(a)(1). To that limited extent, the instant motion is moot. The instant motion is not, however, "meaningless." *See* Paper 37 at 1. As their Opposition makes clear, the Plaintiffs recognize the materiality of the Clerk's assignment of two case numbers to the one action removed to this Court. Indeed, notwithstanding the two motions to remand already filed, the majority of Plaintiffs' Opposition argues yet again for remand.

2. The statement that this Court "has no subject matter jurisdiction over this case," *see* Paper No. 37 at 1, is unsubstantiated and insupportable. Certainly, the Plaintiffs' "remand papers,"

---

[1] Unless otherwise indicated, all docket references are to the docket entries in *Koch v. Hicks*, 1:04-cv-03345-MJG.

although cited, *see id.*, provide no support.  Neither of the two motions to remand asserts any basis to remand other than putative procedural defects in removal: allegedly untimely removal as the basis for the first such motion, *see generally*, Paper No. 22; and an alleged failure to attach certain papers to the notice of removal as the basis for the second, *see generally*, Paper Nos. 29 & 30.[2]  The Plaintiffs have articulated no reason why this Court lacks subject matter jurisdiction.  Indeed, recent weeks have witnessed a dramatic transformation, as the *Koch* claims lean ever closer to the product-based claims that prompted removal in the first instance.  *See* Paper No. 35 at 7 n. 5

       3.      The Plaintiffs insist that "ExxonMobil is forced to misrepresent the record in this Court." *See* Paper 37 at 2.  This is itself an Orwellian denial of the record the Plaintiffs themselves made.  The day after issuance of the September 23rd Consolidation Order, Plaintiffs' counsel wrote to Judge Plitt:

> Your Honor's September 23rd Order of Consolidation can be read to consolidate the *Koch* and *Wagner* actions for all purposes.  Regarding federal removal, there is a 30-day deadline for a defendant to remove, and, quite frankly, *Koch* Plaintiffs do not know what effect **total consolidation** of the two cases would have with respect to that federal statutory provision (e.g., whether that deadline for both cases would run from the filing of the *Koch* complaint, *etc.*), but *Koch* Plaintiffs, out of an abundance of caution, believe it makes sense to avoid any uncertainty in this regard.

*See* Paper No. 35, Exhibit 1 (emphasis added).[3]  Counsel submitted with his September 24th letter a "Draft Revised Order of Consolidation" that would have nullified such "total consolidation" by stating that *Wagner II* and *Koch* were "not consolidated as a single action."  *See id*.  Judge Plitt's response to counsel's September 24th letter left no doubt that "consolidated for all future purposes" meant just that: "The Order of Consolidation that I issued shall stand as is."  *See* Paper No. 1, Exhibit 3.  Judge Plitt

---

[2]     For reasons previously briefed by ExxonMobil, neither motion to remand has merit.  *See generally*, Paper No. 35.

[3]     Opposing counsel's September 24th letter demonstrates the Plaintiffs' acknowledgement that "total consolidation" had occurred.  Just as the First Motion to Remand neither acknowledged nor discussed opposing counsel's September 24th letter to Judge Plitt, so too, the Plaintiffs' Opposition is absolutely silent about that letter and the Plaintiffs' proposed revision of the September 23rd Consolidation Order.

2

dismissed any suggestion that *Wagner II* and *Koch* were "not consolidated as a single action." To claim that the court did not intend to "create 'a single action'" is not just putting the best face on the facts; it is reconstructive surgery.

4. Finally, ExxonMobil's citation of *Owens-Corning v. Walatka*, 125 Md. App. 313, 725 A.2d 579 (1999), is not "off point." *See* Paper No. 37 at 2 n. 2. The Plaintiffs do not take issue with ExxonMobil's citation of *Yarema v. Exxon Corp.*, 305 Md. 219, 503 A.2d 239 (1986), for the proposition that "[Maryland] Rule 2-503 permits consolidation into a single action so long as the trial court's intention to do so is clear." *See* Paper No. 23, Attachment 1 at 5-6, citing *Yarema*, 305 Md. at 236, 503 A.2d at 248. The passage from *Walatka* that ExxonMobil cited had, in turn, cited *Yarema* for the proposition that entries on the docket of a consolidated case demonstrated the trial court's intent that "judgments entered in the consolidated case be joint, and treated as a ***consolidated unit*** for purposes of appeal." *Walatka*, 125 Md. App. at 340-41, 725 A.2d at 592 (emphasis added). Even if the state court had not rejected the suggestion that *Koch* and *Wagner II* were "not consolidated as a single action," by directing that the two previously separate actions were "consolidated for all future purposes" and were to proceed under the original case number assigned to *Koch*, the state court left no doubt that its intent was to create the single action that was removed to this Court. That is what *Walatka* stands for; and that is why *Walatka* is entirely on point.

Dated: November 22, 2004              Respectfully submitted,

/s/
Andrew Gendron (#5111) (agendron@venable.com)
VENABLE LLP
Two Hopkins Plaza, Suite 1800
Baltimore, Maryland 21201
410-244-7439 (tel.)
410-244-7742 (fax)

*Attorney for Defendant Exxon Mobil Corporation*

3

Of counsel:
ARCHER & GREINER
A Professional Corporation
One Centennial Square
P.O. Box 3000
Haddonfield, NJ  08033-0968
(856) 795-2121